LEAVITT v. GOOCH.

Where two made a partnership agreement for the sale of merchandise, under which they continued in business until within four years, it was held that a claim by one against the other, for a balance of account, was within the statute of limitations of two years.

An action for an account or for any balance due one partner by the other, (merchants,) is not within the exception in the statute, in favor of accounts between merchant and merchant.

Although the terms of our statute of limitations do not apply to an action by one partner against another for a balance due, after dissolution, yet the same period as is prescribed by the statute in analogous cases, is applied by the Court to such an action, it being an equitable action.

Where the demand appeared, by the petition, to be barred by the statute of limitations, and the defendant filed a general demurrer and a plea of the statute, and the case was submitted to the Court without a jury, and the Judge " sustained the demurrer and dismissed the case," it was held that, although the general demurrer was not good in such a case, yet as the statute was pleaded, and the plea appeared from the petition to be true, the judgment was substantially correct; and it was therefore affirmed.

Error from Hopkins. The plaintiff filed his petition in the District Court, on the 24th of August, 1850, alleging that in February, 1847, he entered into a partnership agreement with the defendant, for the vending of goods: that by the terms of the agreement, the plaintiff was to furnish the goods, and the defendant was to sell them, and to divide with the plaintiff the profits; that the plaintiff did, at the time, furnish the goods, of the value of 280 13-100 dollars, and he makes the account an exhibit; that the partnership was carried on until the

month of July, 1847, when it was dissolved; that at that time the defendant had sold all the goods; that he received all the money and profits arising from the partnership dealing during the existence of the partnership, and that he had not accounted to the plaintiff for his share of the profits of the value of 200 dollars: and he prayed judgment for the value of the goods and the profits alleged to be due him.

The defendant demurred, and pleaded the statute of limitations. A jury was waived and the case submitted to the Court; whereupon the Court sustained the demurrer, and dismissed the case; and the plaintiff brought a writ of error.

*W. H. Johnson*, for defendant in error.

WHEELER, J. The principal question presented by the record, is, whether the cause of action was barred by the statute of limitations. The present manifestly does not come within the statutory description of "actions of debt grounded upon any contract in writing," to which the bar of four years applies. It is an action upon an open account, to recover for the value of the goods furnished, and the profits accruing upon the sale of them: and if within the operation of the State, was subject to the bar upon open accounts, of two years next after the cause of action accrued. (Hart. Dig. Art. 2377.) More than two years from that period having elapsed when the suit was brought, it is clear that, if within the statute, the cause of action was barred at the time of the bringing of the suit.

But it is insisted for the plaintiff in error, that the present comes within the exception in favor of "such accounts as concern the trade of merchandize between merchant and merchant," &c., (Id.) and consequently that it is not within the operation of the statute.

The words of the exception in our statute are the same as those contained in the 3rd Section of the Statute of James. (Angell on Limitations, 145, chap. 15.) In the acts of limitations of many of the States, this exception has not been re-

tained, (Ib. n. 1,) but in those in which it is retained, and in England, it has been the subject of frequent judicial discussion. The exception is confined strictly to mutual or reciprocal accounts current or open between merchants, and to trade in merchandise. (Chit. on Con. 807 ; Collyer on Partnership, 3rd Am. from 2nd Eng. Edit. Sec. 376 n.) It does not apply to stated accounts, nor where all the items of the account are on one side. The account must be mutual, consisting of debits and credits. (Ib.) But upon the question, whether the exception is to be confined to cases where there are items in the account running within the period of limitation prescribed for other accounts, or is extended to cases also where, though the account is open, yet there has been no dealing and no item in the account within that time, there are conflicting decisions by Courts of high authority both in England and America, and it is said there is great weight of authority on both sides. (Ib. ; Angell on Lim. 147.) There certainly is great weight of authority in support of the proposition, that the exception extends only to cases in which there have been some transactions within the period which will bar other accounts. (See authorities cited in note to Collyer on Part. Sec. 376, before cited, and see this question considered in the case of Guichard v. Superville, 11 Tex. R.) The statute of limitations, it is held in Common Law Courts, bar only legal demands; but Courts of equity, by their own rules, independently of the statute, give effect to length of time, and frequently refer to the Statute of Limitations, as furnishing a convenient measure for the length of time that ought to operate as a bar in equity of any particular demand. They adopt the limit of six years, in analogy to the 3rd Section of the Statute of 21 Jac. 1. c. 16. And accordingly the statute of limitations is a good plea in bar of a bill by one partner against another for an account. (Id. Sec. 374.) " Where, therefore, " a bill prayed an account against the representatives of a sur- " viving partner, alleging the partnership to have commenced " in 1788, and to have continued to 1798, without any account

7

"settled, and the bill was filed in 1808, the case was held to be "within the statute. (18 Ves. 286.) On the same principle, "the statute of limitations is a good plea in bar of a suit against "the representatives of a deceased partner for an account, if "there have been no dealings within six years before the filing "of the bill, and no admission on the part of the testator or the "representatives which can take the case out of the statute." (Ib.) There is even greater reason for adopting the limitation prescribed in analogous cases, within the spirit and policy, though not within the letter of the statute, in our Courts where the distinction of legal and equitable remedies does not obtain. And accordingly in the case of Tinnen v. Mebane, (10 Tex. R.,) the principle applied by Courts of Equity was adopted and enforced. The application of the principle, in the present case, must be decisive of the question we are considering. In Angell on Limitations it is said that, "Accounts between one "partner and another for a settlement of partnership accounts, "do not concern the trade of merchandize between merchant "and merchant, and are not embraced by the exception in the "statute; and it was held in a suit in equity, by the executor "of one partner against the survivor, for an account, that it "did not concern merchants' accounts, and so was not within "the exception in the statute, respecting such accounts." (p. 160.)

Bt it is insisted that the objection could not avail the defendant on demurrer. The statute, however, was pleaded. And when a jury was waived and the case submitted, the Court might well look to the issues; and the case being manifestly with the defendant upon the pleadings, it was not necessary, and would have been a useless consumption of time to have heard the evidence, when upon the pleadings judgment must necessarily be rendered for the defendant. The statute having been pleaded, and its truth appearing by the petition, judgment could not legally be rendered upon it for the plaintiff. (Hall et al. v. Jackson, 3 Tex. R. 305; Fowler et al v. Stoneum, 11 Id.)

We are of opinion that the Court did not err in its judgment, and that it be affirmed.

Judgment affirmed.