## EDWARD R. OLIVER v. THOMAS F. CHAPMAN.

The defendant may except to the petition, for insufficiency in substance, after answering to the merits; but it is more regular to make such exceptions before answering to the merits.

Where exceptions are not well taken, so that if entertained they must have been overruled, the refusal to entertain them will afford no ground for reversing the judgment.

Though, in our pleadings, specialty and certainty to every reasonable intent, so as to exclude all reasonable doubt as to the real grounds on which the party intends to base his right, is required; yet, this doctrine has not been carried to such a length as to require the statement of all those minute circumstances which are but evidence of the right. See this case as to a charge of fraud.

An averment that for sometime previous to a certain date and up to within a few days past, such was the state of body and mind of the plaintiff, &c., is a sufficient averment that such state of body and mind existed on the day first mentioned.

All that is required is that there should be such certainty as to apprise the oppo-

site party of the material, issuable facts, for the proof of which it is proposed to introduce evidence, upon the trial.

The answer of a defendant in a suit for injunction, although required by the Statute to be under oath, cannot be read by the defendant, as evidence, to the jury.

To undertake to revise separately, and in detail, all the various rulings of the Court, complained of, upon instructions to the jury, would be, we think, an unprofitable consumption of time; for, we do not perceive that it could result in any benefit for the appellant; there being nothing in those rulings, that we can perceive, which, when taken and considered in connection with the general charge of the Court, the instructions given at the instance of the defendant, and in relation to the true issues in the case, presents any ground of error, for reversing the judgment.

Where the issue made by the pleadings was fraud, but the plaintiff had alleged as a circumstance the imbecile state of his mind at the time the fraud was alleged to have been committed, and the Court gave and refused charges as if there was also an issue of *compos mentis vel non*, and the jury found specially for the plaintiff on both issues, it was held that the rulings of the Court on the issue of *compos mentis vel non* were immaterial, and did not require revision.

Where a suit is brought to recover specific property which is in the possession of the defendant, it is immaterial whether the possession of the property was obtained in the manner described in the petition or not; if the plaintiff proves his right to the property, it is sufficient.

The meaning of the Statute (Hart. Dig. Art. 740) which provides that the answers of a party to interrogatories propounded by his adversary, " may be de-"stroyed by written proof, or by the oath of two witnesses, or of one single " witness corroborated by strong circumstantial evidence," is, that the oath of one witness, if corroborated by strong circumstantial evidence, shall be sufficient to disprove the answer, but not that no circumstances, however conclusive, shall have that effect, unless in corroboration of the oath of a witness directly to the fact.

It is not proper for the Court to charge the jury to exclude from consideration all facts not distinctly averred and charged in the petition ; it being no part of the duty of the jury to decide what facts are so charged.

It is not error to refuse an instruction which has been given substantially in the general charge of the Court, or in other instructions given at the instance of the party.

Where an assignment of error in the decree specially designates particular error, the assignment must be considered as having reference to that and to none other.

In cases of fraud the jury may find exemplary damages.

Where the question is fraud, depending on the oral testimony of witnesses, the jury and the Judge who presides in the Court below are so much better enabled to decide, than this Court can be from the mere inspection of a written statement of the evidence, that the judgment will not be reversed, unless the verdict is clearly without evidence to support it, or against the evidence adduced.

Appeal from Travis. The nature of this suit, and the points made are sufficiently apparent from the Opinion.

A full statement would exceed the limit assignable to any one case. The transcript contained two hundred and forty-five pages of foolscap, ninety-three of which were made up of the statement of facts. From the manner in which the case is disposed of, a partial statement would be improper.

*Duval, Paschal* and *Hamilton,* for appellant.

*Oldham* and *Sneed,* for appellee.

WHEELER, J. No doubt is entertained of the right of a defendant to except to the petition for insufficiency in substance, as well after as before answering to the merits. Regularly, issues of law should precede in their order upon the record, those of fact; and so it has been repeatedly ruled. But there is no decision of this Court, which holds that exceptions going to the substance of the petition may not be entertained by the Court, after an answer to the merits. The contrary has been expressly decided. (Fowler v. Stoneum, 11 Tex. R. 478 ; Watson v. Loop, 12 Id. 11.) It has also been decided that, where exceptions were not well taken, so that, if entertained, they must have been overruled, the refusal to entertain them will afford no ground for reversing the judgment. (Hubbell v. Lord, 9 Tex. R. 472.) The question therefore is, whether the exceptions were well taken, and, if considered, should have been sustained. And we are of opinion they were not well taken, or maintainable in point of law ; and, consequently, that the defendant sustained no injury by reason of this refusal of the Court to entertain them ; that the striking them out, instead of overruling them, as the Court should have done, was a mere irregularity in practice, which affords no ground for reversing the judgment.

The petition seeks to set aside and annul certain deeds of conveyance from the plaintiff to the defendant, and to recover

back the property conveyed, on the ground that they were fraudulently obtained ; and it sets out the circumstances in which the fraud consisted, with all the specialty and certainty, it is believed, which has ever been required in practice in such cases.   The plaintiff's feebleness of body and imbecility of mind ; the confidential relations subsisting between the parties ; the absence of any consideration ; the motives, inducements and false promises held out by the defendant to overreach the plaintiff, and obtain an unjust and unconscientious advantage over him, and induce him to make the conveyance, in the embarrassed state of his affairs, and his enfeebled condition of body and mind, are facts, particularly and specially averred as constituting the fraud ; and we think the averments must be held amply sufficient to enable the plaintiff to maintain the action on the substantial ground of fraud.   Though, in our pleadings, specialty and certainty to every reasonable intent, so as to exclude all reasonable doubt as to the real grounds on which the party intends to base his right, is required ; yet, this doctrine has not been carried to such a length as to require the statement of all those minute circumstances which are but evidence of the right.   On the contrary, it is held, that, if the facts relied on be pleaded, the evidence of such facts may be submitted to the jury, though not specially developed in the pleading, by a detail of all the attendant circumstances.   (Wells v. Fairbank, 5 Tex. R. 582.)   Such, too, is the rule in Courts of Chancery.   Thus, while it is laid down, that every material fact, to which the plaintiff means to offer evidence, must be distinctly stated, to enable him to offer evidence of such fact, it is added : " A general charge or state-
" ment, however, of the matter of fact is sufficient ; and it is
" not necessary to charge minutely all the circumstances which
" may conduce to prove the general charge ; for these circum-
" stances are properly matters of evidence, which need not be
" charged in order to let them in as proof.   Thus, under a bill
" to set aside an award, for fraud and partiality, a general

" charge of the fraud or partiality will authorize the plaintiff to "give evidence of circumstances tending to establish it, al- "though those circumstances are not charged in the bill." (Story's Eq. Pl. Sec. 28.) "If a bill is brought to set aside "an award, bond, or deed, for fraud, imposition, partiality, or "undue practice; it is not necessary in the bill to charge min- "utely every particular circumstance; for that is matter of "evidence, every part of which need not be charged." (Story Eq. Pl. Sec. 252.) It will be found that the rules which have been adopted in our Courts are essentially the same, and are founded on the same reasons, as those which obtain in both Courts of Common Law and Courts of Chancery, as to the manner of stating facts in pleading. (Wells v. Fairbank, 5 Tex. R. 585.) They are rules of practical convenience and common sense, which must prevail alike in every well digested and rational system of pleadings. Tested by them, we think the present petition quite sufficient, in point of certainty and specialty.

As respects the objection that it is not directly averred that the plaintiffs alleged feebleness of body and mind existed on the very day on which the deeds were executed, the 7th day of August, although it is not expressly and directly so averred, yet we think it certainly and conclusively appears by the aver- ment that such was the case. If "for some time anterior to the 7th day of August last (1850) and up to within a few days past," referring to the time of pleading, (the 10th day of Sep- tember when the petition was sworn to,) such was the state of body and mind of the plaintiff, it is, at least, morally, if not demonstratively certain that it was so on that particular day. That day was evidently mentioned in that connection, for the purpose of fixing that as the day on which the fact alleged ex- isted. The only possible ground of raising a doubt as to the certainty of its existence on that day is the expression "a few days past." And when a certain day is thus named in contra- distinction to a few days past, it cannot be supposed that those

" few days past" extended back to that period. It would have
been better, to prevent the possibility of cavil, to have averred
expressly its existence on that very day. But, by the rules
which have been applied by this Court to test the sufficiency
of pleading, we think the averment could not be held bad for
uncertainty as to the time to which it referred, in any civil
case, unless it were in a plea in abatement, where certainty to
" a certain intent in every particular " is required; and the
practice of this Court would scarcely warrant the application
of so severe a rule of construction, even in that case. There
can be no doubt, we think, that the defendant was apprised by
the averment, that it was intended to give evidence to prove
the existence of the fact, on that very day and that is all that
is proposed by pleading.

Again, as to the admissibility of evidence to support the
averments in the petition; it is a rule of evidence, which has
been expressly recognized by this Court, that " any fact may
" be submitted to a jury, provided it can be established by
" competent means, which affords any fair presumption, or in-
" ference as to the question in dispute." (Id. 584.) We there-
fore think the petition was sufficient and the evidence properly
admitted to prove the truth of its averments. It was no ob-
jection to the admissibility of the evidence that all the circum-
stances by which it was proposed to prove the allegations of
matters of fact, were not stated minutely and at length in the
petition. That would require a degree of prolixity and tedi-
ousness of detail in pleading, which would be intolerable; and
would tend to the imminent danger, if it did not superinduce
the certainty, of variance between the allegations and the
proof in almost every case. Such certainty in pleading has
never been required; but needless prolixity has been justly
deprecated and characterized as an abuse, whenever it has at-
tracted judicial observation. All that is required is that there
could be such certainty as to apprise the opposite party of the
material, issuable facts, for the proof of which it is proposed

to introduce evidence upon the trial.    And such we think was the case in this instance.

The Court did not err in refusing to permit the defendant to read in evidence that portion of his answer which was not in response to the interrogatories propounded to him by the plaintiff.    This point was decided in the case of Autrey v. Cannon.    (11 Tex. R. 110.)

To undertake to revise separately, and in detail, all the various rulings of the Court, complained of, upon instructions to the jury, would be, we think, an unprofitable consumption of time.    For we do not perceive that it could result in any benefit to the appellant ; there being nothing in those rulings, that we perceive, which, when taken and considered in connection with the general charge of the Court, the instructions given at the instance of the defendant, and relative to the true issues in the case, presents any ground of error, for reversing the judgment.    There was no averment that the plaintiff was insane at the time of executing the deeds ; and there was no issue presented by the pleading as to his sanity.    That question was wholly foreign to the issue.    The rulings of the Court upon it are therefore immaterial, and do not require revision.    Nor is the finding of that issue by the jury material, if in fact, they meant by the expression "not of sound mind, caused by excessive use of ardent spirits and pecuniary embarrassments," to be understood as finding that the plaintiff was, at the time, laboring under such a deprivation of reason as amounted to insanity, in legal contemplation.    In any view, the finding is immaterial, as it was not an issue in the case, and the finding of the issue as to the fraud for the plaintiff necessarily carried with it the same legal consequences as to the rights of the parties, as if the issue of insanity had been properly presented and determined for the plaintiff.    There were however some instructions asked by the defendant and refused, which perhaps require notice.

The first instruction refused denied the plaintiff's right to

recover a negro man and certain other property, on the ground that it was the individual property of the plaintiff, and the petition described it as property which the plaintiff had put into the partnership. And it is insisted that the proofs, as to this property do not conform to the case made by the petition ; and, consequently, that the plaintiff is not entitled to recover upon the proofs. The argument, however, it is conceived, is rather plausible than sound. The main object of the suit, as appears by the averments of the petition, was to cancel the conveyances which the plaintiff had made, of property, which was rightfully his own, and to recover back the property. The property in question was embraced in the conveyance ; and it was averred that the defendant had the possession and claimed the title to it under the conveyance without right, and wrong-fully ; and the plaintiff seeks to recover it back. This was substantially the case made by the petition as respects this pro-perty ; and if sustained by the proofs in the case, it undoubt-edly was such a case as entitled the plaintiff to a recovery. It is true the petition states the manner in which the defendant obtained the possession of the property ; but that is a matter of no materiality. The matter which is material, is, that the plaintiff has the right, and the defendant wrongfully withholds from him the possession. It is wholly immaterial, for the pur-poses of this suit, whether the possession of the property was obtained in the one way or the other ; the legal rights of the parties are in no way affected by it. The objection to the plaintiff's right to recover, therefore, because he may have er-roneously described the manner and circumstances of the de-fendant's coming into the possession of the property, has no substantial foundation ; and the Court did not err in refusing the instruction.

The concluding part of the second instruction refused, is as to the effect of the defendant's answer to interrogatories, and asserts " that one witness could not disprove any fact stated in " the answer responsive to the interrogatories ; nor could cir-

"cumstances alone disprove the answer." The proposition here sought to be maintained is, that it is absolutely essential, that at least one-witness should contradict the answer by testifying directly to the fact. This is not correct. There may be circumstances of so conclusive a force and tendency as to disprove the answer, though no witness testifies directly to the fact. The meaning of the rule is, that the oath of one witness, if corroborated by "strong circumstantial evidence," shall be sufficient to disprove the answer; but not that no circumstances, however conclusive, shall have that effect, unless in corroborating of the oath of a witness directly to the fact. Such a principle would render the answer indisputable by evidence of the most satisfactory, conclusive, and even demonstrative character. The law recognizes no such principle. And as the Court can only be required to respond to questions propounded, in the very terms in which they are propounded; and cannot be required to separate the several elements which combine to constitute the instruction asked, in order to give those which are, and refuse those which are not law, the Court might well have declined to give any part of the instruction which embodied such a principle. But all that part of it which was proper was fully given by the Court in the general charge.

The third, fourth, fifth and sixth instructions refused relate to the question of the plaintiff's sanity, and might well have been refused as inapplicable to any issue in the case.

The seventh seeks to bring in question the sufficiency of the averments of the petition, to let in proof of fraud. The petition, we think, was in this respect sufficient, and the instruction rightly refused.

The eighth seeks to refer to the jury the question of the legal sufficiency of the averments of the petition charging fraud. The Court might well refuse an instruction which proposed to refer such a question to the decision of the jury; or the effect of which would be to require them to decide what had been

" distinctly averred and charged in the petition." But so much of the instruction as was proper, the Court gave.

The ninth instruction was rightly refused, because it required the jury to find a special verdict, which a party has not the right to require.

The tenth, eleventh, twelfth and thirteenth instructions, in so far as they contained matter which was material and proper, were given substantially in the general charge of the Court or in other instructions given at the instance of the defendant.

It is not perceived that in the general charge of the Court, or in the instructions given at the instance of the plaintiff, there is any error in any matter which is material or can have operated to the prejudice of the defendant ; and upon the whole, we think the instructions to the jury were not unfavorable to the defendant, or in any manner prejudicial to his rights.

Various objections are urged to the verdict and judgment rendered thereupon, in form and substance, the force of which is not very apparent ; but which, not being taken in the Court below, or specified in the assignment of errors, it is not necessary to consider. The error in the decree specially pointed to in the ninth assignment has been already disposed of in another connection ; and a particular ground of error having been assigned, the assignment must be considered as having reference to that and none other.

As to the alleged excessive damages, it has been settled by the repeated decisions of this Court, that in actions of this nature, the jury may give exemplary damages : and in doing so, of course, they were not restricted to the amount of damage, which the proof shows to have been actually sustained by reason of the fradulent acts of the defendant.

In fine, as it seems to us, the only question in the case of any real doubt or difficulty, is as to the sufficiency of the evidence to warrant the verdict on the issue of fraud. That, however, where it is a question of fraudulent intent, it is peculiarly the province of the jury to decide ; and Courts very seldom dis-

turbe their verdict upon such a question, unless it is clear that they have found manifestly without or against evidence. (Briscoe v. Bronaugh, 1 Tex. R. 326.) Upon such a question, it is very evident the jury, and the Judge who presided at the trial and heard the witnesses testify, were far better enabled to decide, than this Court can be, from the mere inspection of a written statement of the evidence. We cannot say that the verdict was so manifestly without evidence to support it, as, under the settled practice of this Court, in similar cases, to warrant us in holding that the Court below erred in refusing to set aside the verdict. (Carter v. Carter, 5 Tex. R. 93.) And, upon the whole, we are of opinion that there is no error in the judgment and that it be affirmed.

The defendant McAnnelly not being a party to this appeal, of course the affirmance of the judgment as to the appellant will not affect him.

Judgment affirmed.