## R. B. SHAW v. JAMES F. BROWN ET AL.

1. SHERIFF'S COMMISSIONS.—In collection of fines and forfeitures the sheriff can only retain five per cent. of the sum actually collected by him.

2. PUNITORY DAMAGES held to be properly allowed where the sheriff had induced the district clerk to insert in the bill of costs commissions upon a part of a forfeiture remitted by the Governor, and under the execution so altered, enforced collection of such commissions upon the remitted part of the forfeiture.

APPEAL from Kaufman. Tried below before the Hon. M. M. Bonner.

Brown, McCorcle, and Allen sued Shaw for $250 and damages upon the following case : On October 20, 1871, judgment was rendered against plaintiffs on *scire facias* on a bail bond for $5,000. In September, 1872, Governor E. J. Davis remitted the forfeiture, except $250 and all costs of the officers. November, 1872, the clerk issued an execution for the $250 and costs, amounting to $25.60. After the execution was issued, Shaw, who was sheriff of Kaufman county, directed the clerk to insert in the bill of costs the item $250, commissions on $5,000, Shaw at the time saying that the judge and attorneys said he was entitled to his commissions. The clerk did so. Shaw took the execution, called on the defendants, and demanded satisfaction of the entire amount, including the item of $250 for his commissions. They declined to pay except the sum not remitted and the court costs, offering to pay two hundred and fifty dollars, and twenty-five dollars and sixty cents, which amount they tendered.

Thereupon Shaw made a levy and enforced the collection of the amount he claimed. To save the land levied on, Brown *et al.* had to pay the $250 claimed as commissions, which sum was paid under their protest.

The defendant plead general - demurrer and general denial.

Verdict of the jury was for two hundred and fifty dollars and interest, and one hundred and fifty dollars damages.

The interest was remitted, and judgment was rendered for four hundred dollars.

Motion for new trial and in arrest of judgment were overruled, and Shaw appealed.

*T. J. Word,* for appellant, insisted that damages were excessive, citing Sedg. on Damages, 506; De La Garza *v.* Carolan, 31 Tex., 387.

*J. J. Hill,* for appellees.

MOORE, ASSOCIATE JUSTICE.—It is evident, beyond all doubt of controversy, that appellant was not entitled to the two hundred and fifty dollars which he collected from appellees. The statute in clear and unmistakable language prescribes the fees to which sheriffs are entitled in cases like this. It says: " The district attorney shall be entitled in each case to a fee of five per cent. upon the whole amount of any fine, forfeiture, or other money collected under the provisions of this chapter." * * * * *
"And the sheriff shall retain five per cent. as compensation for collecting the same, which several amounts shall be deducted from the amount collected, and the balance paid over into the county treasury, as before directed." Comment is unnecessary. Neither argument nor illustration can add force or make more clear the plain and perspicuous language of the statute. The commissions of appellant were to be deducted from the amount of the principal of the judgment collected by him. These commissions form no part of the cost to be taxed by the clerk and indorsed upon the execution. It was apparent from the execution that the sheriff was to collect, besides the taxable costs, which were twenty-five dollars and sixty cents, only the sum of two hundred and fifty

dollars, and out of this sum, when collected, the law authorized him to retain five per cent. for collecting it. Even if he had not himself induced the clerk to place this item of two hundred and fifty dollars for commissions on an amount which the execution did not authorize him to collect, which he claims, the execution would have plainly shown him that such claim was not only without warrant of law for its support, but plainly contrary to law or any former precedent or practice. The legal process under which appellant claims to have acted cannot be held to give any color of authority to him to collect and appropriate to himself money to which, by the plain language of the statute, he was clearly not entitled. If this is not so, there would be no limit to the amount of liability to which defendants in execution might not be colorably subjected by pretended and fraudulent demands for cost indorsed on the back of executions, however obviously it might appear from the execution itself and the indorsement that such claim could have no legal existence.

It is further objected, although appellant may have been entitled to recover the amount illegally collected and interest thereon, the judgment should be reversed, because the verdict gives them the further sum of one hundred and fifty dollars damages. In support of this proposition we are referred to Sedgwick on Damages, 506. But an examination of the authority to which we are referred will not justify the conclusion sought to be drawn from it. For it is apparent that the question in the mind of the learned commentator, when the rule to which we are cited is announced, is where the default of the officer must be characterized as negligent rather than fraudulent. For after an extended and elaborate examination of this character of cases, he says: "We have hitherto been examining cases where the public officer is charged with neglect in not executing process confided to him. There is another large class of cases where the complaint is that he has over-

stepped his powers and abused the process of the court. In these cases we shall find that, when the acts of public officers are illegal, they are very narrowly watched, and often, by the infliction of vindictive damages, severely punished for the abuse of their trust." (Sedg. on Dam., 521.)

But the question in this case is not the ordinary one of an officer who "has overstepped his powers and abused the process of the court." As we have previously seen, it was at appellant's instance that this item for commissions was inserted in the bill of costs on the execution after it was issued, evidently to give color of authority to him to collect an illegal and unfounded demand for which the law furnishes not the slightest pretext.

It is certainly too well settled by the decision of this court, in accordance, we think, with the well-established rule of the common law, to be now questioned, that where the injury complained of is tainted with fraud, malice, or willful wrong, exemplary damages may be recovered. (Smith v. Sherwood, 2 Tex., 460; Graham v. Roder, 5 Tex., 141; Oliver v. Chapman, 15 Tex., 400; Kolb v. Bankhead, 18 Tex., 228; Hedgepeth v. Robertson, 18 Tex., 858; Reed v. Samuels, 22 Tex., 114; Neill v. Newton, 24 Tex., 202.)

The issues in the case were submitted to the jury, under a clear and comprehensive charge of the court, fully as favorable to appellant as the evidence warrants, and we can see no good reason to disturb their verdict.

There being no error in the judgment it is affirmed.

AFFIRMED.