## W. E. MITCHUSSON v. W. B. WADSWORTH.

(No. 1209, Op Book No. 2, p. 176.)

APPEAL from Milam County. Opinion by WALKER, R. S., P. J.

§ 976. *Evidence; certified copy of judgment.* It is provided by statute that "copies of the records of all public officers and courts of this state, certified to under the hand and seal (if there be one) of the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible." [R. S. 2252.] It was not a valid objection to the copy of the judgment admitted in evidence that the transcript thereof did not show that the court by which the judgment was rendered convened, and that a judge presided; nor that it did not have the signature of the presiding judge; nor that it failed to show that the minutes of the court of the term at which the judgment was rendered had been signed by the judge. The document appeared on its face to be the record of a court of this state, and was duly

certified to as such by the proper officer. Defects in the proceedings on which the judgment was based, and which might be manifest on the face of the transcript, whilst they might be availably urged to either impair or wholly destroy the validity of the judgment, would not render the copy of the record inadmissible, but would relate rather to the weight of the evidence, and the effect, force or value of the purported judgment.

§ 977. *Evidence; certified copy of execution.* It was not a valid objection to the certified copy of execution that the execution docket was the best evidence of the matters proposed to be proved. In the nature of things this could not be true. The execution docket does not contain evidence which the execution does not show; at all events, if the execution tended to establish any fact essential to the plaintiff's case, a certified copy of it was admissible evidence, even if it were true that the execution docket may have contained the evidence of other facts besides, which may have been pertinent to the issue.

§ 978. *Allegation and proof; variance of, in matter of inducement.* Where matters of inducement merely are alleged in a pleading, they need not always be proved, nor will a variance in the proof made in respect to such, generally be at all fatal, and is frequently immaterial. [Kottwitz v. Bagby, 16 Tex. 656; Byrne v. Fagan, id. 391; Oliver v. Chapman, 15 Tex. 400; May v. Pollard, 28 Tex. 677.]

§ 979. *Process; void and voidable; distinction between as to liability of officer failing to execute.* Where the process is void, the officer is not bound to execute it, nor is he liable for any neglect, partial or total, in failing to execute it. But if the process is voidable only, he must execute it, because if the defendant in such process does not seek to avoid it, and when it might be amended, the officer cannot avail himself of its defects in a suit against him for failure to execute it. [Freeman on Executions, § 103.]

§ **980.** *Charge given at request of party cannot be assigned as error by him.* Instructions given by the court to the jury at the request of a party to a suit cannot be assigned as error by that party. [Hardy v. De Leon, 5 Tex. 211.]

§ **981.** *Charge of the court should apply the law to the evidence.* The charge of the court should not consist merely of abstract propositions of law, and statutory enactments, but it should be made to apply to the evidence in the case, and should explain the law as applicable to such evidence.

§ **982.** *Damages; measure of in action against sheriff for failure to execute process, etc.* In an action against a sheriff for not levying, and for a false return of an execution, it was held that the proper estimate of damages was what the goods would have realized if sold by the sheriff at the best price he could have obtained, not exceeding, of course, the amount of the debt. [Freeman on Ex. § 767.] And where, through the neglect of an officer to levy an attachment or execution, satisfaction of the judgment has been defeated, the measure of damages is the amount of the judgment or execution, or so much thereof as the value of the property which the officer neglected to attach, would have been sufficient to satisfy. [Freeman on Ex. § 767; Smith v. Took, 20 Tex. 751.]

§ **983.** *Interest in partnership property; purchase of, at sheriff's sale.* The purchaser of the interest of a partner in partnership property, at sheriff's sale, acquires only the rights of the partner whose interest was sold at such sale, and he comes into nothing more than an interest in the partnership, which cannot be tangible, cannot be available or be delivered, but under an account between the partnership and the partner; and it is an item in the account that enough must be left for the partnership debts. [Taylor v. Fields, 4 Ves. Jr. 396.]

§ **984.** *Principal and surety; officer levying execution not bound to inquire into equities of defendants.* As a general rule, officers charged with the execution of a writ

548

are not required to investigate and determine the respective equities of the different defendants as against each other, and may therefore levy upon the property of either without inquiring whether he was principal or surety in the liability which was merged in the judgment. [Freeman on Ex. § 259.]

. § 985. *Right of surety to maintain action against officer for failure to levy execution on property of principal.* Wadsworth alleged in his petition that he was surety for Aikin upon a note; that judgment was obtained upon the note against Aikin and himself jointly, and execution issued thereon, and that he pointed out to the officer having the execution sufficient property belonging to Aikin to satisfy the debt, and directed a levy upon the same, and that the officer refused to levy; and thereafter Aikin became insolvent, and petitioner was compelled to pay the debt, etc. The note of Aikin and Wadsworth was a joint and several note, and the judgment followed the note and was against both of them as principals. The judgment, upon payment by Wadsworth, was not transferred to him, and it did not in any way appear that he had been subrogated to the rights of the plaintiffs in said judgment. Upon this state of case it is intimated, but not positively decided, that Wadsworth showed no cause of action against the officer. The court says: Wadsworth stood in the same relation to the judgment and execution as did Aikin. The sheriff was directed to make the money out of the property of both, and he had the right to levy indifferently on the property of either or both. He levied on the property of neither. Wadsworth subsequently complied with his legal obligation by paying the judgment, and claims damages because he was not relieved therefrom by the sheriff's levy, under his direction, upon the property of his co-defendant in execution, Aikin. The liability of the sheriff to Wadsworth upon this state of facts is, to say the least, not conspicuous. It would seem that, to entitle him to aggressively direct the appliances of law for

his ulterior protection against Aikin, his attitude should be changed from that of a co-debtor with Aikin to that of a meritorious assignee by reason of payment to the plaintiff and a subrogation to his rights in the judgment.

June 23, 1880.             Reversed and remanded.