LEVY et al. v. DUNCAN REALTY CO.
(No. 5488.)

(Court of Civil Appeals of Texas. Austin. May 19, 1915.)

BROKERS ☞63—COMPENSATION—FAILURE OF PRINCIPAL TO PERFORM — MUTUALITY OF CONTRACT.

Where a broker procured a ready and willing purchaser who contracted to buy, but the transaction failed because the principal defaulted, taking advantage of a provision in the contract to pay liquidated damages in lieu of performance, the broker was entitled to recover compensation, and it was immaterial whether the contract was capable of being specifically enforced.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. ☞63.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by W. J. Duncan and another, doing business as the Duncan Realty Company, against Ike Levy and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

Gross & Street and W. L. Eason, all of Waco, for appellants. J. A. Stanford, of Waco, for appellees.

KEY, C. J. The Duncan Realty Company, a firm composed of W. J. Duncan and P. W. Huber, instituted this suit against Ike and S. Levy, seeking to recover a commission of $1,000 alleged to have been earned by the plaintiffs as real estate brokers. They also sued upon a promissory note, but that feature of the case is not involved in the appeal. The proof shows that, as agents for appellants, appellees procured one A. F. Crowley with whom appellants entered into a written contract for the exchange of certain real estate, one paragraph of which reads as follows:

"It is agreed that in the event either party hereto shall fail or refuse or fail and refuse to do and perform the terms and conditions and obligations incurred in this contract for him to do and perform, that such party so failing shall forfeit and pay to the party not so failing at Ft. Worth, Texas, on October 4, 1913, the sum of $2,500, herein agreed upon as liquidated damages and when said amount is paid, the payment thereof shall operate as a complete and final settlement of all damages sustained by the party not so failing."

There was a jury trial, which resulted in a verdict and judgment for the plaintiffs for $1,000 upon their claim for commissions, and the defendants have appealed.

We deem it unnecessary to discuss all the questions in the case, and content ourselves with saying that we have considered all that are presented in appellant's brief, and have reached the conclusion that all of them should be decided against appellants. Apparently, the main ground relied upon for a reversal is predicated upon that portion of the contract set out above; appellants' contention being that, as that paragraph of the contract would have defeated a suit for specific performance, therefore appellees were not entitled to recover any commission. In response to that contention, counsel for appellees submits this counter proposition: Appellees having alleged and proved that, as agents for appellants, they procured a purchaser with whom an agreement for the exchange of properties was made by appellants, and having alleged and proved that the purchaser referred to was at all times ready, able, and willing to carry out the contract of exchange, and the proof showing that appellants declined to do so and paid the forfeit therein stipulated, it is wholly immaterial whether appellants could have enforced performance of the contract or not. That proposition is sound and states the law of this case correctly. Hamburger & Dreyling v. Thomas, 103 Tex. 280, 126 S. W. 561; Jackson v. Biggerstaff, 168 S. W. 42; Henderson v. Gilbert, 171 S. W. 304; Baldwin v. Smith, 119 S. W. 111; Hamburger et al. v. Thomas, 118 S. W. 770; McLane v. Petty, 159 S. W. 891. The authorities cited show that when a broker procures a purchaser ready, able, and willing to purchase the property upon the terms and conditions authorized by the owner, and the failure to consummate the transaction is the fault of the owner and not the fault of either the purchaser or broker, then the broker is entitled to his commission. And in such case it is no defense to say that the purchaser could not have been compelled to take the property. The answer to that assertion is that, while he may not have entered into such contract as would have entitled the owner to a judgment for specific performance, nevertheless, if in the broker's suit for commissions it is shown that the person referred to was ready, able, and willing, and therefore would have purchased the property, then the broker has earned his commission, because under such circumstances the property would have been sold had not the owner declined to consummate the sale.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.