## WITHERSPOON v. WALL.
### No. 8502.

Court of Civil Appeals of Texas. San Antonio. Dec. 10, 1930.

C. O. Wolfe and J. K. Weber, both of San Antonio, for plaintiff in error.

Hertzberg & Kercheville and M. R. McClanahan, all of San Antonio, for defendant in error.

FLY, C. J.

This is a suit instituted by defendant in error against plaintiff in error for commission and bonus due him as a real estate broker, for the sale of real estate owned by plaintiff in error, in the sum of $750. Plaintiff in error filed a general demurrer and twenty-seven special exceptions and general denial. The case was presented to a jury on one special issue, and judgment was rendered on the answer and testimony undisputed for $750.

This is a writ of error prosecuted from a judgment of $750 in the county court of law of Bexar county, and presented to this court in a brief of 145 typewritten pages, containing 23 assignments of error and 13 propositions, with five pages of authorities. Of course, this court is expected to read the briefs and authorities, which would entail days of arduous labor. Most of the assignments and propositions have reference to matters set out in the one special issue presented by the court to the jury. Plaintiff in error admitted that he agreed to pay defendant in error $750, coupled with the qualification that it would become due when the apartment house to be built by the prospective purchaser was completed.

The evidence showed that defendant in error procured a purchaser ready, willing, and able to buy the property, and who was acceptable to plaintiff in error, who entered into a written contract with him. Plaintiff in error failed to carry his contract into effect, and, even if the broker had agreed to wait until the completion of the house for his commission, the vendor could not defeat defendant in error's claim by a failure or refusal to carry out the sale. The jury found that it was through the fault of the vendor that the sale was not consummated, and he therefore was liable to the broker for his fee. The evidence objected to was innocuous, and could not have affected the verdict. The argument of counsel could not possibly have injured plaintiff in error.

There is no merit in the writ of error, and the judgment is affirmed.