**FRANKENSTEIN v. ACME INV. CO. et al.**
No. 1499.

Court of Civil Appeals of Texas. Eastland.
Oct. 25, 1935.

Rehearing Denied Nov. 22, 1935.

Wm. Andress, Jr., of Dallas, for appellant.

R. T. Bailey, of Dallas, for appellees.

GRISSOM, Justice.

The appellant, A. J. Frankenstein, sued the appellees, Acme Investment Company and others, for a malicious conversion of his automobile, for damages to appellant's nervous system, for humiliation, loss of reputation and credit, and exemplary damages. After the filing of appellant's third amended original petition, the appellee Acme Investment Company filed its answer, consisting of a general demurrer and general denial. Thereafter, it filed its second amended answer to said pleading of appellant, which answer contained numerous exceptions to appellant's said petition. Many of these special exceptions were sustained by the trial court, striking out a large part of the appellant's cause of action. The appellant contended that the exceptions should not be considered by the trial court because they had been waived by the prior filing of an answer to the merits, and were, therefore, not filed in due order of pleading. After the sustaining of the exceptions appellant refused to amend and the court dismissed the case, because, after the portions excepted to had been stricken from the petition, the controversy was less than $500 in amount and was without the jurisdiction of the district court. Appellant excepted to the action of the court and gave notice of appeal, and is now properly before this court.

The case is presented here by appellant's one assignment of error; that "the court erred in sustaining special exceptions filed subsequent to the filing of a general denial, for the reason that such

special exceptions were filed out of the due order of pleadings, and were, therefore, waived and could not be considered." It is unquestionably the general rule that a defendant by first filing an answer to the merits of plaintiff's petition waives the right to thereafter present special exceptions to such petition. R.S. 1925, arts. 2006 and 2012; Rules of the District Court, Rules 6 and 7, 142 S.W. XVII; Camden Fire Ins. Ass'n v. Clark (Tex.Civ.App.) 69 S.W.(2d) 463; Drake v. Brander, 8 Tex. 351; Towner v. Sayre, 4 Tex. 28; Smoot's Texas Court Rules, 357, 360 and 362; 33 Tex.Jur. p. 525 et seq.

There is a well-established exception to the general rule above stated, and that is, that exceptions which go to the merits and foundation of the action may be taken after answer to the merits.

"The petition was framed with a double aspect: asserting a title to the property absolutely, under the contract as a conditional sale discharged of its conditions; and in the alternative, as a mortgage. The recovery was upon the former aspect of the case. This, in the view we have taken, was error. But the plaintiff was entitled to maintain his action, in the other aspect of the case, for the foreclosure of the mortgage; and under the prayer for general relief, the appropriate relief might have been administered. But for the better presentation of the merits of his case, it may become necessary for the plaintiff to amend his petition. It contains no averment of the value of the property. And though the Court refused to entertain the demurrer, because the defendant had answered to the merits, the omission of the averment might have become embarrassing to the plaintiff on the trial. This Court has often held, that exceptions to the legal sufficiency of the petition, in the due order of pleading, should, in general, precede the answer to the merits. But *we have never decided, that exceptions, which go to the merits and foundation of the action, cannot be entertained after an answer to the merits.* It would be idle to compel a defendant to proceed to trial, and drive him to his motion in arrest of judgment, upon a petition so defective as that, judgment could not be rendered upon it." (Italics ours.) Fowler v. Stoneum, 11 Tex. 478, 62 Am.Dec. 490.

"*No doubt is entertained of the right of a defendant to except to the petition for insufficiency in substance, as well after as before answering to the merits.* [Italics ours.] Regularly, issues of law should precede in their order upon the record, those of fact; and so it has been repeatedly ruled. But there is no decision of this Court, which holds that exceptions going to the substance of the petition may not be entertained by the Court, after an answer to the merits." Oliver v. Chapman, 15 Tex. 400. Leavitt v. Gooch, 12 Tex. 95; Barkley v. Tarrant County, 53 Tex. 251; 62 Am.Dec. 506, note; Walling v. Williams, 4 Tex. 427; Turner, Texas & N. O. R. Co. v. Turner, 199 S.W. 868; 49 C.J. §§ 1226 and 1228.

 At least some of the exceptions sustained went to the merits and foundation of the action in so far as same were contained in the portion of the appellant's pleading therein excepted to. See Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.(2d) 397. Appellant's assignment of error must therefore be overruled. No reversible error appearing, the judgment of the trial court is affirmed.