## DANIEL v. KITTRELL.

### No. 2647.

Court of Civil Appeals of Texas. Waco.

May 31, 1945.

Rehearing Denied June 14, 1945.

J. Frank Wilson and J. L. Zumwalt, both of Dallas, for appellant.

S. R. Allen, of Hamilton, for appellee.

HALE, Justice.

This is an appeal from an order of the trial court denying an application for a temporary injunction and sustaining a plea of res judicata. It is the fifth appeal growing out of substantially the same litigation between the same parties. In addition to the five judgments appealed from, the trial court rendered an additional judgment on February 5, 1945, from which no appeal was perfected. In order to understand the issues involved on the present appeal it is deemed advisable to set forth a brief resume of the prior proceedings.

On May 3, 1943, appellant filed her original petition in cause No. 4018. Upon extensive allegations of fact she therein attacked the validity of appellee's deed of trust lien on certain land and the amount of the indebtedness claimed by him. She sought a temporary restraining order, a temporary injunction and a permanent injunction against appellee, restraining and enjoining him from perfecting a nonjudicial foreclosure of his lien. After a hearing before the court without a jury on the original petition of appellant, the verified answer of appellee thereto and the evidence submitted under such pleadings, the court rendered judgment on May 10, 1943, dissolving the temporary restraining order theretofore issued by him and decreeing that appellee "go hence without day" and

recover of appellant his costs. From this order and judgment of the trial court appellant perfected her appeal to this court. Thereafter appellant filed in the trial court her first amended original petition in said cause No. 4018 which was substantially the same as her original petition and appellee filed his verified answer setting up, among other things, certain pleas of exception and res judicata. The court heard the pleas on May 28, 1943, sustained the same, and appellant appealed therefrom to this court. Appellant then filed in the trial court her second amended petition which was substantially the same as the first amendment, and upon hearing on June 15, 1943, the court refused any of the relief sought in the second amended petition and appellant appealed therefrom to this court. On December 2, 1943, this court handed down its written but unpublished opinion and rendered its judgment in each of the three separate appeals whereby it affirmed the judgment of the trial court in each of the three instances complained of for the reasons therein set forth. Motions for rehearing having been overruled by this court, its three separate judgments affirming the judgments of the trial court thereupon became final.

After the trial court had denied the applications for injunction as aforesaid, appellee proceeded to a nonjudicial foreclosure of his deed of trust lien and thereby acquired the legal title to the property in controversy. However, being unable to secure peaceable possession of the property, he filed suit in trespass to try title thereto against appellant on July 23, 1943, in cause No. 4028. On August 14, 1943, appellant's attorney filed in said cause No. 4028 her plea in abatement in which she sought to have said cause abated because of the pendency of cause No. 4018, alleging therein that the same identical questions and issues were involved in both suits. Subject to her plea in abatement she also filed her answer to the merits. No further action was taken in cause No. 4028 until after all of the issues growing out of cause No. 4018 had been finally disposed of.

On February 14, 1944, after this court had finally disposed of the three appeals next above referred to, appellant filed her third amended original petition in cause No. 4018 in which she set forth substantially the same allegations of fact contained in her prior pleadings in said cause. She sought by her third amended petition to

set aside the nonjudicial foreclosure and the deed to appellee thereunder. Appellee again filed an amended answer in said cause setting up, among other things, his pleas of exception and res judicata. Upon a hearing of the issues thus joined the trial court sustained appellee's pleas of exception and res judicata and again appellant perfected her appeal to this court. She contended on that appeal, among other things, that the action of the trial court in sustaining the pleas of exception and res judicata had the effect of denying to her the right to have the issues of fact involved in her case submitted to a jury for a trial on its merits. On July 13, 1944, this court handed down its written but unpublished opinion affirming the judgment of the trial court for the reasons and upon the grounds therein fully set forth and to which reference is here made. In due time appellant filed her application to the Supreme Court for a writ of error to review the judgment of this court, but the Supreme Court refused the application for want of merit. Thereupon the fourth judgment of this court and of the trial court became final.

Upon call of the appearance docket on February 5, 1945, appellee appeared in cause No. 4028 and announced ready for trial, but appellant, though duly served with process and having theretofore filed her answer on August 14, 1943, failed to appear. Thereupon the court heard the evidence submitted by counsel for appellee and rendered judgment awarding the title and possession of the property in controversy to appellee and directing the issuance of a writ of possession in his behalf. Thereafter appellant filed her motion for new trial in said cause No. 4028, which was heard and overruled by the trial court on February 26, 1945, and to which appellant excepted and gave notice of appeal. However, the appeal was not perfected and hence the fifth judgment of the trial court became final. Appellant was represented in all of the prior proceedings heretofore referred to by the same attorney.

After her motion for new trial had been overruled on February 26, 1945, in cause No. 4028 appellant secured other counsel who on March 12, 1945, instituted the suit from which the present appeal has been perfected. In this present suit, which was cause No. 4112 on the docket of the trial court, appellant again attacked the validity of appellee's deed of trust lien and the

amount of the indebtedness claimed by him in the foreclosure proceedings upon substantially the same facts alleged by her in all of her prior pleadings. She also alleged that such facts constituted a meritorious defense to the cause of action asserted by appellee in cause No. 4028 and that she was prevented from presenting such defense because of the absence of her attorney when such cause was tried on February 5, 1945, and that her attorney's absence from the trial was through no fault of his own. She prayed in effect that the foreclosure proceedings, the trustee's deed thereunder to appellee and the former judgment of the trial court in its cause No. 4028 be set aside, that she recover title to the land in controversy and that the execution of the writ of possession issued in said cause No. 4028 be temporarily enjoined during the pendency of this suit. Appellee again answered with pleas of exception and res judicata setting up the substance of all the prior proceedings hereinbefore referred to. After a hearing upon the issues thus joined the court rendered its sixth judgment on March 30, 1945, in the present proceeding denying appellant's application for a temporary injunction and sustaining appellee's plea of res judicata. Hence this fifth appeal.

Appellant again contends in this court, as she did on the fourth appeal, that the trial court erred in sustaining appellee's plea of res judicata. She again asserts that the action of the court in sustaining such plea had the effect of denying to her the right to have the issues of fact involved in her case submitted to a jury for a trial on its merits. We cannot agree with these contentions for the reasons and upon the authorities set forth and cited in the opinion handed down on July 13, 1944, in the fourth appeal.

As stated in Am.Jur. vol. 30, p. 910, § 165: "The doctrine of res judicata may be said to inhere in the legal systems of all civilized nations as an obvious rule of expediency, justice and public tranquility. Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent."

It is the settled law of this state that any right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies. See Tex.Jur. vol. 26, p. 11, § 353, and authorities there cited.

Although appellant seeks in this present proceeding to set aside the final judgment rendered by the trial court on February 5, 1945, in its cause No. 4028, she does not ask that any of the four judgments rendered by the court in its cause No. 4018 or any of the prior judgments of this court be set aside. If she had asked such further relief we know of no grounds upon which it could have been properly granted. And yet, even though the trial court had set aside his prior judgment in cause No. 4028 he would not have been authorized to award to appellant the title to the land in controversy because the material issues upon which she sought such relief had been finally disposed of by the prior judgments arising out of cause No. 4018.

Furthermore, we think appellant, by reason of the position which she took in cause No. 4028, is conclusively estopped from now denying that the several judgments growing out of cause No. 4018 renders res judicata the material issues sought to be raised in the present proceeding. After appellee had acquired title to the land in controversy through nonjudicial foreclosure, it became necessary for him to resort to judicial proceedings in order to secure possession of the property. As a means of preventing appellee from proceeding to judgment in cause No. 4028 and thereby securing a writ of possession to the property, appellant took the position through her attorney that the issues and parties involved in cause No. 4028 were identically the same as the issues and parties involved in cause No. 4018, as is fully evidenced by her plea in abatement filed in cause No. 4028 on August 14, 1943. Having thus taken such position and having reaped the benefits of continued possession of the property by reason thereof, we do not think appellant or her present attorneys can be permitted to change that position and now assert that the issues involved in the two suits were not the same.

Tex.Jur. vol. 26, p. 35, § 364, and authorities there cited.

Moreover, the former holdings of this court and of the Supreme Court in this litigation have become the law of the case. Tex.Jur. vol. 26, p. 49, § 369; Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561, pt. 5. Hence we are constrained to adhere to our former holdings under the doctrine of stare decisis. Tex. Jur. vol. 26, p. 46, § 368; Benavides v. Garcia, Tex.Com.App., 290 S.W. 739.

We have carefully considered all of the points raised in appellant's brief but because we are of the opinion that no reversible error is shown by the record they are all overruled and the judgment appealed from is affirmed.