## KITTRELL v. BARBEE.
### No. 5725.

Court of Civil Appeals of Texas. Amarillo.
Nov. 9, 1946.

Rehearing Denied Dec. 9, 1946.

L. L. Montgomery, of Dallas, for appellant.

Renfro & Kilgore, of Dallas, for appellee.

BOYCE, Justice.

This suit was brought by appellee J. H. Barbee, as plaintiff, against appellant G. B. Kittrell, as defendant, to recover a $1,000 commission for appellee's services as a real estate broker. At a pretrial hearing, on appellee's motion, special exceptions to appellee's petition were stricken from the appellant's first amended original answer. At a trial on the merits before another judge without a jury, judgment was rendered in appellee's favor for the commission.

■■ The appellant's first point of error attacks the action of the pretrial judge in striking the special exceptions contained in his first amended original answer. The motion to strike the exceptions sets up as one ground therefor the previous filing of a general denial in the original answer without the filing of any special exceptions, thereby precluding the later filing of special exceptions because the same were not in due order of pleading. Exceptions directed at the merits and foundation of a plaintiff's action may be properly presented notwithstanding the filing of a previous answer on the merits. This has long been an accepted practice. Oliver v. Chapman, 15 Tex. 400, 402; Frankenstein v. Acme Investment Company, Tex.Civ.App., 87 S.W.2d 744, 745, writ of error dismissed; Gann v. Putman, Tex.Civ.App., 141 S.W.2d 758, 763. We do not find that it has been changed by the present rules. The second ground of the motion is that the hearing of the special exceptions would unduly delay the trial of the cause. The case had been set for trial on January 28, 1946; the amended answer was filed on January 18; appellee's motion to strike the exceptions was filed on January 24 and acted upon the next day. The trial was not delayed. It thus appears that neither ground of the motion to strike the exceptions was valid and the pretrial judge erred in granting it.

■■ His action, however, is under our practice, an irregularity only. For the purposes of an appeal, the striking of the exceptions is tantamount to overruling them. We are, therefore, required to consider their sufficiency. Oliver v. Chapman, supra. Our duty, however, is limited to the extent that it is incumbent upon the appellant to show injury resulting from the pretrial judge's action. Southern Underwriters v. Hodges, Tex.Civ.App., 141 S.W.2d 707, 711, writ of error refused. The appellant characterizes the appellee's petition as being "in the stereotyped form and style of a suit for a real estate dealer's commission. But the sales contract was also pleaded, which provided that appellee was to get $1,000 out of the proceeds of the sale for effecting the sale; a breach of the sales contract was alleged, and that the commission had been demanded, and that defendant had refused to pay, to plaintiff's damage in the sum of $1,000." The appellant has failed to point out in what respect any of his special exceptions is well taken or in what particular the petition violates the requirements of Rules 45 et seq, Texas Rules of Civil Procedure. Under these circumstances, the case will not be reversed on account of the error of the pretrial judge in striking the exceptions.

■ The controlling issues on this appeal are embodied in appellant's sixth, seventh, ninth and tenth points of error. They advance the contention that the commission is recoverable only by virtue of the sales contract but that there can be no recovery under it because it conditions the payment of a commission upon the consummation of the sale. Agreeing, for the purposes of argument, that the sales contract does provide that·no commission is to be payable unless the contract is consummated, the appellant is not relieved from payment of the commission if the failure to consummate the contract resulted from his refusal to perform or because of the failure of his title. Leonard v. Kendall, Tex.Civ.App., 190 S.W. 786, 788, writ of error refused; West Realty & Investment Co. v. Hite, Tex.Com.App., 283 S.W. 481, 482; Witherspoon v. Wall, Tex.Civ.App., 33 S.W.2d 805. The rule applies even though the vendor's obligations under the contract can be satisfied by the payment of liquidated damages and is not subject to specific performance. Levy v. Duncan Realty Company, Tex.Civ.App., 178 S.W. 984.

■ The sales contract here involved provided that the appellee was to receive the sum of $1,000 out of the purchase price, as agent effecting the sale; that the seller

was to furnish an abstract within sixty days from the date of the contract, which purchaser was to examine within ten days and either accept the title or return the abstract to the agent with a written list of objections to the title; that the seller or the agent should thereafter have a reasonable time within which to cure the objections; that in the event of failure to furnish marketable title, the purchase money receipted for under the terms of the contract was to be returned to purchaser upon the cancellation and return of the contract or purchaser might enforce specific performance of the same. Each party deposited $5,000 in escrow in the Perry National Bank of Hamilton, Texas, under another provision of the contract, specifying that such money was to be forfeited in the event either party breached the contract or refused to perform the obligations agreed upon. Shortly after the contract was made, appellant learned that a third party had appealed from a judgment recovered by appellant less than one month before in a suit involving title to the land. The abstracter informed appellant that it was useless for him to furnish an abstract as the abstracter could not "certify to it." Because of this, appellant made no attempt to furnish an abstract. He did inform the purchaser that the appeal had been taken and the purchaser agreed that a title insurance policy would satisfy him. Appellant was unable to procure a title policy within sixty days from the date of the contract and about fifteen days thereafter he and the purchaser drew down the money which had been deposited in escrow. The appellee did not agree to the cancellation of the contract. The appeal on account of which the contract was abandoned was successfully defended by appellant in the Court of Civil Appeals, which overruled a motion for rehearing within less than sixty days from the date of the sales contract, April 30, 1945. Daniel v. Kittrell, Tex.Civ.App., 188 S.W.2d 404. It thus appears that the title defect which caused the cancellation of the contract was well on its way to being cured even before the time in which appellant was to furnish an abstract had elapsed. The Supreme Court subsequently declined to entertain an application for writ of error

in the case. The appellant made no attempt to insist on his right under the contract to furnish a marketable title within a reasonable time. Certainly, under any view of the case, the failure to consummate the contract was his fault; under those circumstances, appellee was entitled to the commission. For the reasons stated, appellant's sixth, seventh, ninth and tenth points of error are overruled.

■ By his eighth point of error, appellant complains that the judgment was unwarranted because of the insufficiency of the evidence in that the record does not contain any description of the land to be sold. The sales contract described the land as being 883.01 acres out of three named surveys in Hamilton County, Texas, described by metes and bounds in a deed from Lee Eubanks and wife to appellant, recorded in the Deed Records of Hamilton County, Texas, to which reference is made for descriptive purposes. Appellant concedes that the description is sufficient under the Statute of Frauds. He does not contend that the description in the deed from Eubanks to him is not a good one. His complaint is that the deed was not offered in evidence. We fail to see that the deed has any material bearing on the issues in this suit. The eighth point of error is overruled.

Since we have decided that the commission was recoverable under the terms of the sales contract, we do not find it necessary to discuss the remaining points of error directed at the listing contract.

For the reasons stated, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

■ In his motion for rehearing, appellant urges that the sales contract does not comply with Section 22 of Article 6573a, Vernon's Texas Civil Statutes. The contract specifies that "the seller is to receive the net sum of $20,000.00 and that J. H. Barbee is to receive the sum of $1,000.00 as agent effecting the sale." It has already been pointed out that the contract sufficiently describes the land. In the case of Spires v. Mann, Tex.Civ.App., 173 S.W.2d 200, writ of error refused, it was held that a sales contract similar to the one here in-

volved was a sufficient memorandum to comply with the Statute. In our opinion, the holding is quite sound and we shall follow it.

The appellant's motion for rehearing is overruled.