

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 18, 1964

Honorable Paul B. Cox                    Opinion No. C-366
County Attorney
Cherokee County                          Re: Duty and authority of the
Rusk, Texas                                  County Court of Cherokee
                                             County under Sec. 82 of
                                             the Mental Health Code
Dear Mr. Cox:                                under the stated facts.

        Your letter requesting an opinion of this office reads
in part as follows:

        "I hand you herewith a copy of a letter
        dated November 18, 1964, addressed to the
        writer by the Honorable J. W. Chandler, County
        Judge of Cherokee County, Texas, and its attach-
        ment, being a letter dated November 16, 1964,
        from one F. M. Howell. . . .Your attention is
        directed to Art. 5547-82, subparagraph (a) which
        reads as follows:

        "'Any patient, or his next friend on his
        behalf and with his consent, may petition the
        County Judge of the County in which the patient
        is hospitalized for re-examination and hearing
        to determine whether the patient requires con-
        tinued hospitalization as a mentally ill person.'

        " . . .

        "Now, the specific problem is this, Judge
        Chandler receives letters of the nature of the
        letter of Mr. Howell quite often and it raises
        a question as to whether or not such a letter
        would constitute a petition for re-examination,
        it having been directed to the Judge, but con-
        tains no formality of pleading and is not accom-
        panied by a deposit for court costs or a Pauper's
        Affidavit."

-1735-

Rules of Civil Procedure, Rule 45, provides:

"Pleadings in the district and county courts shall
(a)  Be by petition and answer
(b)  Consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole.
(c)  Contain any other matter which may be required by any law or rule authorizing or regulating any particular action or defense.
(d)  Be in writing, signed by the party or his attorney, and be filed with the clerk.

"All pleadings shall be so construed as to do substantial justice."

Rule 79 provides:

"The petition shall state the names of the parties and their residences, if known, together with the contents prescribed in Rule 47 above."

Rule 47 provides:

"A pleading which sets forth a claim for relief, whether an original petition, counter-claim, cross claim or third party claim, shall contain
(a)  a short statement of the cause of action sufficient to give fair notice of the claim involved, and
(b)  a demand for judgment for the relief to which the party deems himself entitled.  . . ."

The purpose of Article 5547-82, set forth above, is to provide a new and less formal method by which a patient may obtain a rehearing and examination. This Article provides a protection against unjustified detention of a patient in a mental hospital and promotes more frequent examinations of patients. Historical Comment on Article 5547-82. As to what constitutes a petition referred to by Article 5547-82(a), the Texas Rules of Civil Procedure, more specifically the particular rules set forth above, require a combination of elements in specific as well as general terms. Substantial compliance with statutory requirements

as to the form and requisites of the plaintiff's initial pleading is sufficient. 71 C.J.S. 160, § 64. Letters containing those requirements set forth specifically and generally by the above quoted Rules are within the scope of the"petition" requirement of Article 5547-82(a).

As to the petition letter of F. M. Howell, the petitioner's name, residence, and plea for relief are specifically included. Even though the facts as narrated by Mr. Howell tend to raise more than one cause of action, this does not invalidate the letter as a petition. Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031 (1937). Mr. Howell specifically questioned his sanity status by the words "I am not insane, either." The Supreme Court in Oliver v. Chapman, 15 Tex. 400 (1855), said at page 403:

"Though, in our pleadings, specialty and certainty to every reasonable intent, so as to exclude all reasonable doubt as to the real grounds on which the party intends to base his right, are required, yet this doctrine has not been carried to such a length as to require the statement of all those minute circumstances which are but evidence of the right."

Within the purposes of Article 5547-82(a) as above set forth, Mr. Howell's letter supplies sufficient basis to afford the County Judge reasonable opportunity for investigation of the matter placed in issue. Herren v. Hollingsworth, 188 S.W.2d 706, (Tex.Civ.App., error ref. w.o.m., 1945); Scott v. Hackfield, 263 S.W.2d 570 (Tex.Civ.App. 1953). Security and payment of court costs apply only to dismissal of suit. Rules Civ.Proc., Rule 143.

It is our opinion that letters which contain sufficient information to satisfy requirements of the Rules of Civil Procedure are petitions within Article 5547-82(a); however the determination of whether an informal letter is sufficient to satisfy such requirements is in the sound discretion of the court.

### S U M M A R Y

Letters which contain sufficient information to satisfy requirements of the Rules of Civil Procedure are petitions within Article 5547-82(a); however the determination of whether an informal letter

Hon. Paul B. Cox, page 4 (C-366)


is sufficient to satisfy such requirements is in the sound discretion of the court.

Very truly yours,

WAGGONER CARR
Attorney General

By: Gordon Houser

Gordon Houser
Assistant

GH:nr:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Phy
J. S. Bracewell

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone