KIRKLAND & SON v. BERRY.

(Court of Civil Appeals of Texas. April 6, 1911. Rehearing Denied May 4, 1911.)

BROKERS (§ 64*)—COMPENSATION—SUFFICIENCY OF SERVICES.

The defendant agreed to pay plaintiffs a lump sum as commission for selling his land, and plaintiffs procured a purchaser who entered into a written contract with defendant to purchase the land upon defendant's terms, and, on the purchaser's failure to comply with the contract the defendant, sued the purchaser for a specific performance, which suit was compromised, and the purchaser released from his agreement without the knowledge of plaintiffs. *Held*, that the plaintiffs were entitled to a directed verdict for the amount of their commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 97; Dec. Dig. § 64.*]

Appeal from Denton County Court; Lee Zumwalt, Judge.

Action by Kirkland & Son against T. E. Berry. Judgment for defendant, and plaintiffs appeal. Judgment reversed, and rendered for plaintiffs.

J. W. Koons and Joe S. Gambill, for appellants. S. M. Bradley, for appellee.

LEVY, J. [1] The appellee agreed to pay appellants, who were real estate agents, $250 as commission to sell 334 acres of land at $42.50 per acre. On April 30, 1909, appellants procured W. F. Legear as a purchaser to enter into a written contract with appellee to purchase the land, and upon the terms stipulated by the appellee. In the contract of purchase there was a provision that, if Legear should fail to receive the money with which to pay the agreed cash payment from the sale of certain land in Deaf Smith county, he would not be held to the contract of purchase. Legear shortly received the money from the sale of his Deaf Smith land, but refused to pay it over and comply with the terms of purchase solely on the ground of his wife not liking the land he had contracted to buy. Appellee then sued Legear in specific performance, and the suit was compromised by Legear's paying him $500 cash. At the time the contract of purchase was signed by appellee and Legear, the appellee drew his personal check on the bank in favor of appellants for their $250, but instructed the bank not to pay it until Legear paid the cash payment stipulated in the contract of purchase. The suit of specific performance was settled without knowledge or agreement of appellants. The evidence is undisputed that appellants were to receive $250 as commissions, and that they procured a purchaser in Legear, who, according to the uncontradicted evidence, was ready, willing, and able to purchase the land on the terms made by appellee. This suit was brought by appellants to recover their agreed commissions of appellee for making a sale of his land to Legear. In a trial before jury a verdict was returned in favor of appellee.

In any point of view of this case, under the pleadings and evidence, the appellants were entitled to recover their commission. Even if the appellants were to be paid their commission when Legear placed the money in the bank, the appellee's compromise of the case and release of the terms of agreement of purchase entitled them to payment of their commission. Appellants' complaint, therefore, that the court erred in not directing a verdict in their favor is sustained.

The judgment of the court is reversed and here rendered in favor of appellants against appellee for the sum of $250, and all costs of this court and the county court.