## FAWVER v. FULLINGIM.

(Court of Civil Appeals of Texas. Amarillo. June 1, 1912.)

1. BROKERS (§ 84*) — COMMISSION — PROOF — TENDER OF PERFORMANCE.

Where a broker's principal entered into a binding contract to close a deal with B. for the purchase and exchange of land within 45 days, deeds and abstracts to their respective properties to be furnished by the parties for examination within 30 days, his notice to B.'s brother that he could not close the deal until long after the time specified relieved B. from any obligation to tender her deed and abstract; and the broker was not required, in an action for his commission on the deal, to prove any such tender.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 104, 105; Dec. Dig. § 84.*]

2. BROKERS (§ 63*)—COMMISSION—CONSUMMATION OF DEAL.

Under a contract that a real estate broker shall receive a commission if the trade goes through, he is entitled to a commission when, through his efforts, a binding and valid contract is executed by the parties, though, through the fault of his principal alone, the sale is not completed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

Appeal from Hale County Court; Geo. L. Mayfield, Judge.

Action by J. A. Fawver against E. C. Fullingim. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Mathes & Williams and A. C. Hatchell, all of Plainview, for appellant. W. B. Joiner, of Plainview, for appellee.

HALL, J. This action originated in the justice court, in which appellant sought to recover of appellee $150, alleged to be due as commissions upon a contract for procuring an exchange of property between appellee and one Mrs. Ballinger, the amount to be paid "if the trade went through."

The trial in the county court was before a jury, but upon the conclusion of the testimony the court peremptorily instructed a verdict in favor of appellee.

Appellant Fawver submits this cause for our consideration upon several assignments of error; each in effect insisting that the action of the trial court in peremptorily instructing a verdict against him was error. It is our opinion that the judgment should be reversed; and, in view of another trial, it is improper for us to discuss at length the testimony, which we would have to do, should we consider the assignments in detail.

[1] Briefly stated, the case made by plaintiff is as follows: As a real estate broker, he approached appellee to know if he did not want to exchange certain real estate owned by appellee for a half section of land belonging to Mrs. Ballinger; and, after looking at the land and ascertaining the fact that Mrs. Ballinger had it leased for a specified time, appellee consented to make the exchange, valuing his city property at $5,000 in exchange for Mrs. Ballinger's half section at a valuation of $8,000, the difference to be paid in Floydada property owned by appellee, valued in the exchange at $1,000, and the balance of $2,000 to be evidenced by appellee's note to Mrs. Ballinger, secured by vendor's lien upon the said half section. It appears that Mrs. Ballinger's half section was incumbered to the extent of $4,000, due to her brother and

father, and that there was an incumbrance, also, existing against the city property owned by appellee; and it seems to have been clearly understood that these incumbrances should be removed by the respective owners of the property before the deal was finally consummated. A valid, binding written contract was entered into between Mrs. Ballinger and appellee on the 1st day of February, 1911, providing for the exchange of the lands fully described in the contract, and further providing as follows: "All abstracts to be furnished and deeds made within thirty days, and each party to have fifteen days within which to examine titles and deeds and at the end of that time the deal to be closed." Appellant insists that the contract was not carried out and the conveyances made, because of the fact that appellee failed to raise the money necessary to remove the incumbrance from his city property. It appears that appellee expected to acquire the necessary funds by the collection of certain notes upon which suit had been instituted, secured by liens upon lands in Terry county, and from some cause, which does not appear in the record, he was delayed in the collection of said notes until June or July following the execution of the contract. The evidence is uncontradicted that he informed Mrs. Ballinger's brother, who was acting as her agent in consummating the sale, that he was not ready to close the deal within the time limited in the contract, and, because of delay in realizing upon his notes, "could not come across before June or July." It further appears that Mrs. Ballinger's brother and father had executed releases clearing the title of her half section; and, under the terms of the written contract, there was nothing for her to do but tender an abstract of title and deed. It is our opinion that she was relieved of the obligation to make such tender by the previous information on the part of appellee that he "could not come across before June or July." And it is not necessary to plaintiff's right to recover to show, under such circumstances, a tender of deed and abstract by Mrs. Ballinger. It does not clearly appear that the trade would have been consummated even though appellee could have removed the incumbrance from his city property; but the evidence is sufficient upon this point to have required the trial court to submit the issue to the jury.

[2] As we understand the law of this state applicable to contracts of this kind, appellant was entitled to recover, under a contract with appellee to pay him $150 "if the trade went through," when, through the efforts of appellant, a binding and valid contract had been executed by the parties, if the failure to consummate the deal and complete the sale was due to the fault of appellee alone. Albritton v. Bank, 38 Tex. Civ. App. 614, 86 S. W. 646; Berg v. San Antonio Street Railway Co., 17

Tex. Civ. App. 291, 42 S. W. 647, 43 S. W. 929; Conkling v. Krakauer, 70 Tex. 735, 11 S. W. 117; Smye v. Groesbeck, 73 S. W. 972; Lewis v. Mansfield, 121 S. W. 586; Cheek v. Nicholson, 133 S. W. 712; Kirkland v. Berry, 136 S. W. 832. And if the evidence is the same upon another trial, the above rule of law must control the disposition of the issue.

Appellant insists that the cause should be reversed and rendered in his favor; but the record is not in condition to permit us to do this. The evidence is not sufficiently full, with reference to the lease between Mrs. Ballinger and her tenant. Neither the appellee nor the tenant testified upon the trial. The statement of facts does not inform us with that degree of certainty necessary to enable us to render the case as to the date of the conversation between Mrs. Ballinger's brother and appellee, wherein appellee stated he "could not come across." The case not having been fully developed, we have concluded to reverse and remand it for another trial.

For the reasons stated above, the judgment is reversed and the cause remanded.