## PRYOR et al. v. SCOTT. (No. 5967.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 30, 1918. Rehearing Denied Feb. 20, 1918.)

1. APPEAL AND ERROR ☞301—ASSIGNMENTS OF ERROR.

An assignment of error having no basis in the motion for new trial will not be considered.

2. TRIAL ☞349(1) — SPECIAL ISSUES AND PEREMPTORY INSTRUCTIONS.

In action for commission for selling land, special issues as to the commission contract and its performance, and a peremptory instruction to find for plaintiff for a certain sum less than his claimed commission, regardless of answers to special isues, were irreconcilable and antagonistic, necessitating reversal.

3. BROKERS ☞66—LIABILITY OF OWNER FOR ASSIGNED SHARE OF COMMISSION.

Knowledge of a ranch owner that his agent for the sale of the ranch had agreed to assign half his commission to a broker to secure a buyer made the owner and his agent liable to the broker for that part of the commission upon sale through the broker's efforts.

4. BROKERS ☞71—RATE OF COMMISSION.

Where a broker was to receive a commission of 2½ per cent. on a sale of property for $250,-000, he was entitled, when through his efforts the property was sold for $210,000, to 2½ per cent. commission on the latter sum, in the absence of a subsequent agreement to receive less.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by R. L. Scott against Ike T. Pryor and another. From judgment for plaintiff, defendants appeal. Reversed and remanded.

T. F. Mangum, of San Antonio, for appellants. E. M. Whitaker, of El Paso, and Terrell & Terrell, of San Antonio, for appellee.

FLY, C. J. Appellee sued Ike T. Pryor and E. A. Hutchins to recover $5,250, which was a commission of 2½ per cent. on $210,-000, the selling price of land sold by Pryor, and for which appellee procured a purchaser. It was alleged that the agreement was made by Hutchins as agent for Pryor and that it was ratified by Pryor. Appellants alleged that the 2½ per cent. commission was based on a sale for $250,000, and that appellee failed to procure a purchaser at that price, and then agreed with Pryor to accept as his part of the commission the sum of $1,000. The cause was tried by jury, and upon certain answers to special issues a judgment was rendered in favor of appellee for the sum of $5,250.

[1] The first assignment of error has no basis in the motion for new trial, and will not be considered, and, there being no merit in the second assignment of error, it is overruled.

[2] Upon the trial of this cause the court presented the following special issues to the jury, which were answered as indicated:

"Question No. 1: Do you find that E. A. Hutchins. as agent for Ike T. Pryor, authorized R. L. Scott to act as agent for the sale of the

property known as the Nan ranch, and the cattle and stock thereon? Answer: Yes.

"Question No. 2: Do you find that E. A. Hutchins, as agent of Ike T. Pryor, agreed to pay R. L. Scott 2½ per cent. commission for selling the property described in question No. 1? Answer: Yes.

"Question No. 3: Do you find that R. L. Scott, as agent, was the procuring cause of the sale of the said ranch and property at a price accepted by Ike T. Pryor to W. D. Connell, S. B. Tullos, and J. L. Ely? Answer: Yes.

"Question No. 4: If you have answered No. 1 'Yes,' then do you find from the evidence that the said E. A. Hutchins assigned to R. L. Scott a commission equal to 2½ per cent. of the purchase price? Answer: Yes.

"Question No. 5: If you have answered the foregoing question 'Yes,' then answer whether or not Ike T. Pryor knew of such authorization and assignment prior to the sale of the property, and knowing same, if you find he did, accepted the services of R. L. Scott. Answer: Yes."

However, presented with the special issues was the following instruction, requested by appellee:

"Gentlemen of the jury, you are instructed to render judgment for the plaintiff for $1,000, regardless of your answer to any question."

And in obedience to that instruction the jury returned this verdict:

"In accordance with the instruction of the court, we find for the plaintiff $1,000, without reference to our answers to the special issues."

The court rendered a judgment for $5,250 in favor of appellee based on the answers to the special issues, thereby ignoring the instructed verdict. The occurrence is perhaps without a parallel, and the third and sixth assignments of error which are based upon a clause in the motion for a new trial, assail the judgment as being based upon contradictory and irreconcilable findings. Upon what hypothesis or theory the peremptory instruction was requested and given cannot be gleaned from the record or brief of appellee. That the special issues and peremptory instruction are irreconcilable and antagonistic is apparent. Under the peremptory instruction, the court had no authority to render judgment on the answers to the special issues, because the special instruction demanded a verdict for a certain sum regardless of the answers to the questions. The peremptory instruction means nothing or it means a total destruction of the special issues and answers thereto.

The question arises as to whether the conflict of the charges should necessitate a reversal of the judgment and remanding of the cause, or whether this court should conclude that appellee was unwilling to risk the answers of the jury, and, as it was testified by Ike T. Pryor, that he had agreed to give appellee $1,000, concluded that he might jeopardize that amount, and desired to make the matter certain by getting that sum, and therefore render judgment here for $1,000. We have been unable to ascertain the motive for the special instruction, and conclude that it will perhaps meet more nearly the ends of justice by remanding the cause, so that the issue of whether appellee had accepted from Pryor the sum of $1,000 as his commission may be properly submitted to the jury.

[3, 4] Pryor admitted that he knew that Hutchins agreed to assign one-half the commission, and this fact made him and Hutchins liable to appellee for that part of the commission. Pryor became liable, if there was no new contract, for the 2½ per cent. commission on the lower price for which he sold the land. Hodde v. Malone, 196 S. W. 347. Pryor had, in effect, agreed to give 5 per cent. commission as he, in effect, admitted that he had so agreed. He swore:

"I knew Mr. Scott would have 2½ per cent. commission on $250,000 if he was instrumental in selling land for that amount of money."

However, if, as Pryor swore, appellee agreed to accept $1,000 as his part of the commission, he would be entitled to receive no more than that sum. Pryor testified:

"I considered that I owed $1,000, because I promised him that and he agreed to accept that for his part of the commission."

That contract, if made, superseded all prior contracts. Appellee denied that he agreed to accept $1,000 in payment of his commissions. Pryor admitted that he owed a commission to appellee, and the only real issue was as to whether the commission was 2½ per cent. of $210,000, or $1,000. Pryor knew of the trade made by Hutchins and acceded to it and is bound by it, unless it was set aside by a later agreement. Hutchins admits that he agreed to pay appellee 2½ per cent. commission on a $250,000 sale, and he would be bound for that unless appellee afterwards procured a sale for a less price, and then agreed to accept $1,000 for his pay. Hutchins acted with the knowledge and consent of Pryor.

We see no impropriety in the special issues submitted by the court, and assignments attacking them are overruled.

The thirteenth and fourteenth assignments of error are overruled. The evidence offered was clearly hearsay and was properly excluded.

The evidence tends to show that the first agreement as to the commission was based on a sale to be procured for $250,000, and appellee failed to find a purchaser at that price, but did procure one for $210,000, to whom the property was sold by Pryor at that sum. Under those circumstances appellee, in the absence of an agreement to receive less, would be entitled to recover the per cent. agreed upon originally. Graves v. Bains, 78 Tex. 92, 14 S. W. 256; Goodwin v. Gunter (Sup.) 185 S. W. 295; Hodde v. Malone, 196 S. W. 347. But if appellee agreed to receive a less sum, of course, he is bound by it, and can recover no more.

The judgment is reversed, and the cause remanded.