**NAIL et al. v. BOOTHE et al. (No. 1669.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1924.)

1. **Principal and agent** ⬤⟿145(4)—Broker cannot recover against both agent and undisclosed principal.

Where agent listed land for sale as his own, broker suing for commission could not recover against both agent and undisclosed principal, but must elect which he would sue.

2. **Brokers** ⬤⟿69—Amount of incumbrance, though not assumed, regarded as part of consideration in estimating commission.

Amount of incumbrance on land, though not expressly assumed by purchaser, and though he may not be required to pay it, should be regarded as part of consideration in estimating selling agent's commission unless excluded under terms of contract between owner and agent.

3. **Brokers** ⬤⟿74 — That undisclosed owner acted only as conduit of title did not bar recovery of commission by broker employed by his agent.

If agent of undisclosed owner of property listed it for sale with broker and broker found purchaser, mere fact that owner acted as mere conduit of title from third party to purchaser did not render him not liable for commission.

4. **Brokers** ⬤⟿57(1)—Entitled to commission though property was sold for less than listed price.

Broker was entitled to commission, though property was sold for less than price for which listed, if broker was procuring cause.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Action by Viron J. Boothe and others against Walter Nail and another. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellants.

Jones, Hardie & Grambling, of El Paso, for appellees.

HIGGINS, J. Appellees, real estate agents, sued appellants, Walter and Robert Nail, to recover a commission upon the sale of certain property to a Mrs. Shupe. The plaintiffs alleged that Robert Nail was the owner of the property; that Walter Nail represented to them that he was the owner of the property, listed it with plaintiffs, and agreed to pay them a commission; that Walter Nail was the agent of Robert Nail, and the latter through his said agent agreed to pay plaintiffs a commission for the sale of the property The plaintiffs recovered judgment against defendants jointly for $270. The evidence shows that the liability, if any, of Robert Nail, was that of an undisclosed principal, and the liability, if any, of Walter Nail, was that of an agent acting for such principal.

[1] The case falls clearly within the rule announced in Heffron v. Pollard, 73 Tex. 100, 11 S. W. 165, 15 Am. St. Rep. 764, Pittsburg, etc., v. Roquemore (Tex. Civ. App.) 88 S. W. 449, and Veazie v. Beach Plumbing Co. (Tex. Civ. App.) 235 S. W. 695, which hold that the plaintiff cannot recover against both the agent and undisclosed principal, but must elect which he will sue. Neither the pleading nor the evidence will support the judgment upon the theory that Walter Nail became bound as a guarantor or surety for Robert Nail as suggested by appellees. The evidence simply shows a several liability upon the part of the appellants under the rule applying in the case of an agent for an undisclosed principal. Appellants' assignments upon this phase of the case are sustained.

At the time the property was listed with appellees by Walter Nail, the title was vested in J. H. McClenahan of Salt Lake City. Subsequent to the listing a deed was filed for record conveying the property from McClenahan to Robert Nail for a recited consideration of "ten dollars and other considerations."

The deed from Robert Nail to Mrs. Shupe recited a like consideration. Both deeds provided that the property was conveyed subject to certain specified incumbrances, but the payment thereof was not assumed by grantees. According to the defendants' theory, Robert Nail had intended purchasing the property, but on account of delay in obtaining the deed from McClenahan he decided not to acquire same, and so notified McClenahan's agent in El Paso. About that time, however, the deed came, and in order to avoid the delay incident to returning the deed to Salt Lake and obtaining one to Mrs. Shupe direct, the one to Robert Nail was filed for record and he conveyed to Mrs. Shupe. According to Robert Nail, the conveyance to him was filed without his knowledge or consent, but having been filed he conveyed to Mrs. Shupe upon request According to his theory, he acted as a mere conduit of title from McClenahan to Mrs. Shupe and received no benefit from the transaction. His testimony is that he was paid nothing by Mrs. Shupe. The property was listed with appellees for sale at $7,500. The incumbrance mentioned in the deed to Mrs. Shupe amounted to $5,800.

Upon this state of facts appellants present this proposition:

"The evidence in the case conclusively showing that in the deed from McClenahan to R. Nail covering the land in question the said R. Nail as grantee did not assume any indebtedness against said land and was under no obligation to pay any part of such indebtedness, and the evidence further showing that the sale to Mrs. Shupe was without consideration and that the said Mrs. Shupe did not assume any

indebtedness against said land, and the evidence further showing that the undertaking of plaintiffs was to sell the land for $7,500, but that they were unable to do so, and further showing that they were unable to sell it at any price, the Nails were under no obligation whatever to plaintiffs for having acted as a conduit of title from McClenahan to Mrs. Shupe, and the court should have directed a verdict in favor of both defendants R. Nail and Walter Nail."

[2] We do not concur in the view that under the deeds in question there was no consideration upon which to base a commission. While Mrs. Shupe did not expressly assume the payment of the incumbrance and cannot be required to pay it, yet in all such cases the amount of the incumbrance should be regarded as a part of the consideration in estimating the selling agents' commission, unless it be excluded under the terms of the contract between the owner and the agent.

[3] Nor are we prepared to agree with appellants that there is no liability because Nail acted as a mere conduit of title. Assuming that he acted as such, appellees knew nothing about it. If his agent listed the property for him and appellees found an acceptable purchaser ready, willing, and able to buy, his liability was fixed. His situation is no more favorable than one with no title or a defective title who lists property and the agent in ignorance of the condition of his principal's title finds such a purchaser. In such cases the agent can recover.

[4] Nor is there any merit in the contention that plaintiffs cannot recover because the property was listed for sale at $7,500 and the sale consummated was for a smaller sum. If plaintiffs were the procuring cause of the sale at the lesser sum, they were entitled to a commission.

Another contention made by appellant Robert Nail questions the sufficiency of the evidence upon other phases of the case to support the judgment against him. In view of retrial, we will not discuss the evidence further than to say that in the light of all the facts and circumstances we are of the opinion that issues of fact are raised which would support a judgment against him.

For the error indicated, the case is reversed and remanded.