### CLARK v. RAY.
### No. 10477.

Court of Civil Appeals of Texas. Dallas.
Jan. 21, 1930.
Rehearing Denied March 1, 1930.

Burgess, Burgess, Chrestman & Brundidge and W. H. White, all of Dallas, for appellant.
Niblo & Dodd, of Dallas, for appellee.

VAUGHAN, J.

A. B. Clark, appellant, filed his suit in justice court, precinct No. 1, of Dallas county, against S. W. Ray, appellee, to recover the sum of $200, alleged to be due him by appellee as commission for procuring a purchaser of certain real estate owned by appellee. Appellant, by his oral pleadings, alleged: That on November 27, 1926, he was a real estate agent engaged in procuring purchasers and making sales of lands for others; that prior to said date appellee represented that he was the owner of lot No. 4 and the south half of lot No. 3 of Bronx Park addition to the city of Dallas; that appellee on said date listed said property with appellant for sale or trade upon terms which might be acceptable to appellee; that it was agreed between appellant and appellee that, if appellant procured a purchaser for said land, or some one to contract to trade for same, acceptable to appellee, he would pay appellant the sum of $200 at the time of making contract for the sale of said property' or for the sale of same by trade, acceptable to. him; that on said date appellant secured one R. E. Wylie of the county of Dallas, state of Texas, as a purchaser of said land and premises by trade, and appellee and said Wylie entered into a written contract for exchange of properties owned by them respectively, in which appellee sold and agreed to convey to said Wylie the above-described property, and said Wylie by trade sold and agreed to convey to appellee 152 acres of land in Kaufman county, Tex.; that in the making of said contract appellee, among other things, agreed, promised, and bound himself in writing to pay to appellant a commission of $200, which he had failed to pay, and for which appellant sued. Appellee answered by general demurrer and general denial. Judgment was rendered in said justice court against appellant, from which he duly appealed to the county court at law No. 1 of Dallas county, where appellant was again cast in said suit in a nonjury trial, and from which judgment, denying him the right to recover against appellee, he duly prosecuted his appeal to this court.

Following are all of the material facts found to have been established by the statement of facts filed in this cause:

Appellant was a real estate broker and had been engaged in that business for eight years. That some time prior to November 27, 1926, appellee talked with appellant about the sale of a lot which he owned in Bronx Park (the real estate described in his pleadings), and listed same with appellant for sale or trade. That soon thereafter appellant had a conversation with one R. E. Wylie, in which he was informed by said Wylie that he had a farm in Kaufman county, consisting of 152 acres, which he would sell or trade. That soon thereafter appellant informed appellee that the Wylie farm was for trade. That appellee inspected said 152 acres, and appellee and said Wylie met in appellant's office and executed a written contract, in which appellee and said Wylie each agreed to convey to the other their respective properties, described in said contract, and to pay appellant a commission of $200 each.

Of the terms and provisions of said contract, in so far as this appeal is concerned, it is only necessary to review the following:

"In the event title is not good and cannot be made good within a reasonable time, the purchase money is to be returned to the party depositing same upon cancellation and return of this contract, but the right to enforce specific performance hereof is retained at the option of either party hereto.

"When title objections have been cured, each party agrees to deliver a good and sufficient warranty deed properly conveying his. property to the other and to pay the balance of each payment, if any, and to execute the notes and deeds of trust, if any, herein provided for.

"Should either party fail to consummate this contract as specified for any reason except title defects, the other party may retain the cash deposit as liquidated damages for said breach after paying the agent therefrom the usual commission or may enforce specific performance. Taxes for the current year, current rents, insurance and interest, if any, are to be prorated at the date of closing.

"First Party has deposited with A. B. Clark, Agent, the sum of $1.00, receipt of which is hereby acknowledged, and agrees to pay him a commission of $200.00.

"Second Party has deposited with A. B. Clark, Agent, the sum of $1.00, receipt of which is hereby acknowledged, and agrees to pay him a commission of $200.00.

"Both parties hereto have been represented in this transaction by A. B. Clark, as agent. They agree that said Agent shall represent both of them and each will pay him a commission for his services as follows:

"First Party $——— as above

"Second Party $——— as above."

Appellant knew that title to lot No. 3 was in the name of appellee's wife, but did not know that title to lot No. 4 was in her name. That, after the signing of said contract, a supplemental abstract of title to the Wylie property was delivered to appellee's attorney for the purpose of examining title thereto. That said attorney, Judge P. D. Crawford, informed appellee that he could not determine the title without a complete abstract, and stated that he found in the supplement certain judgments abstracted against said Wylie, aggregating approximately $1,500. Appellee informed appellant that said Wylie refused to pay the judgments and clear the title, that he (appellee) had decided not to

take the property because his wife would not sign the deed. That after this appellant made no further effort to obtain the original abstract or to clear up the objections made to the title to said 152 acres of land that payment of the $200 was demanded of appellee.

Appellee testified to the following facts: That he owned several pieces of real estate in Bronx Park addition, the title to some of which was in the name of his wife; that, prior to signing the contract with Wylie, offered in evidence, he expressed to appellant a willingness to sell some of his Bronx Park addition property; that some time thereafter appellant stated to him that he had a man by the name of Wylie, who owned 152 acres of land in Kaufman county, who might be interested in making a trade for some of appellee's property, and asked him to go to Kaufman county and meet a man by the name of Ellis, who would show him the 152 acres in question; that he went to Kaufman county and looked over the farm; that later, in a conference between appellant, Wylie, and himself, he and Wylie entered into the contract offered in evidence and agreed to pay appellant Clark a commission of $200; that, after Wylie refused to pay off or in some way relieve the 152 acres of land of the judgments against same, and stated that unless Judge Crawford would pass the title without those judgments being removed "the deal was off," appellee saw appellant at his office and told him that his wife would not sign the deed, but later stated to appellant that he would sign the deed; that he asked him if his wife would sign it, and he stated to appellant he did not know, that she said she should not; that he was willing to execute the deed at any time "they would furnish us a title that his attorney would approve"; that Wylie had never furnished him with an abstract to the property.

The above-undisputed facts clearly show a right in appellant to recover the commission sued for. He brought to appellee a purchaser with whom he was willing to and did contract, in a manner satisfactory to both parties, for the exchange of their respective properties. No issue was raised by any pleading filed by appellee whereby he was authorized to confess the prima facie case thus made by appellant and to avoid the legal effect of same by any asserted defense of defect of title, either as to the property owned by appellee or that owned by said Wylie; therefore all evidence introduced for that purpose, and which showed or tended to show that the attorney for appellee made objections to Wylie's title, can furnish no support for the judgment rendered against appellant. Under the facts of this case, that appellee's wife refused to join him in the execution of a deed conveying the property he had contracted to sell through the medium of exchange to said Wylie, no ground of defense to appellant's cause of action was furnished, as appellee had contracted in absolute terms to pay him $200 for services rendered to the date of said contract; the payment of said sum not being in any respect contingent upon appellee being able to secure his wife to join him in the execution of the deed necessary to convey title to said Wylie. Therefore appellee cannot now be heard to say that the record title to the land was in the name of his wife, that she refused to sign the deed conveying the land he had contracted to convey to said Wylie, and thereby avoid payment of the commission which he had agreed to pay appellant for securing a person to contract, and who did contract, with appellee for the purchase of his property, on terms satisfactory to him, and binding alike upon both parties thereto, and that could be specifically enforced against either party wrongfully refusing to comply with its terms. Under the contract before us, it could be of no moment, in so far as bearing upon the right of appellant to recover, that there was a defect in the title to either one of the involved tracts of land, or that the properties contracted to be exchanged were not owned by appellee and said Wylie, as stated in said contract. Albritton v. First Nat'l Bank of Mexia, 38 Tex. Civ. App. 614, 86 S. W. 646; Seidel v. Walker (Tex. Civ. App.) 173 S. W. 1170; Sanderson v. Wellsford, 53 Tex. Civ. App. 637, 116 S. W. 382; Heath v. Huffhines (Tex. Civ. App.) 152 S. W. 176.

The trial court erred in not rendering judgment in favor of appellant, and, the case having been fully developed on facts, this court will proceed to render the judgment the court below should have rendered.

The judgment of the court below is therefore reversed, and judgment here rendered in favor of appellant for the sum of $200, with interest thereon from date payment was demanded (namely, June 30, 1927, date of filing suit, the only demand made) at the rate of 6 per cent. per annum, together with all costs incurred in the courts below and in this court.

Reversed and rendered.