## PETERS v. COLEMAN.

### No. 15467.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 4, 1953.

Rehearing Denied Jan. 15, 1954.

Ernest May, Fort Worth, for appellant.

C. O. McMillan, Stephenville, for appellee.

BOYD, Justice.

Appellant C. C. Peters filed this suit against appellee W. F. Coleman to recover a real estate broker's commission. In a trial before the court, judgment was rendered for appellee. It was shown that appellant solicited a listing of appellee's farm for sale, and appellee authorized him to find a purchaser. Appellant succeeded in interesting Mrs. Pearl C. Littleton in buying the property and on June 1, 1951, appellee and Mrs. Littleton entered into a written contract for the sale by appellee and the purchase by Mrs. Littleton of the farm described therein as being 2,023 acres, for the consideration recited in the contract as follows:

"The purchase price is $96,092.50 payable as follows: $35,000.00 cash, of which purchaser has deposited with the undersigned agent $10,000.00 as part payment, receipt of which is hereby acknowledged by

said escrow agent (appellant), and the balance of said purchase price in the amount of $61,092.52 to be evidenced by the execution and delivery by the purchaser of her vendor's lien note for said amount, payable to the order of the Seller, due on or before six months after date, bearing interest from date until maturity at the rate of 5% per annum;

"It is understood that there is an existing loan against said property in favor of The National Life and Accident Insurance Company which is to be assumed and taken up and extended by the new loan to be placed on said property."

Also, in said sales contract appears the following:

"Should the purchaser fail to consummate this contract as specified for any reason, except title defects, seller shall have the right to retain said cash deposit and apply same as part payment for the breach of this contract, or seller may enforce specific performance of the contract.

"Commission of five per cent to be paid by the seller to said agent for services as real estate broker shall be due and payable when this sale has been completed according to the terms of this contract. Should seller elect to retain said cash deposit and apply same as part payment for the breach of this contract as aforesaid, then the seller shall pay the agent therefrom one-half of said cash deposit up to the total amount of the commission due in full payment for agent's services under this contract."

Appellee agreed to furnish an abstract showing good and marketable title to the property, or, at his option, an owner's title insurance policy in an amount equal to the total consideration. He elected to furnish an abstract and the contract provided that the buyer should have thirty days from receipt of the abstract either to accept the title or return the abstract to appellant, as agent, with her written objections to the title. The purchaser's attorney advised her not to accept the title until certain requirements were complied with.

The court found that appellant went to appellee's home and asked him to let appellant sell the land; that the land was the home of appellee and his wife; that before the contract was entered into by appellee and Mrs. Littleton, appellee's wife told appellant that she did not care about selling the place, and, in fact, that she did not want to sell it; that appellee's wife did not sign any contract for the sale of the land; that there was no written contract or memorandum in writing concerning any commission other than set out in the contract between appellee and Mrs. Littleton; that the purchaser's attorney made certain requirements concerning the title to the land, and, among others, that appellee should have the land surveyed to determine whether there was a deficiency, the attorney stating that an instrument in the abstract indicated a deficiency of 68.4 acres, or the acreage be computed and $47.50 should be deducted from the purchase price for each acre of deficiency; that when appellee told his wife of such requirement, she, of her own volition, refused to execute a deed of conveyance; and that thereupon appellee caused his attorney to advise Mrs. Littleton by letter that appellee "has this day been informed by his wife, Mittie Mary Coleman, that she has decided not to sell her homestead which is included within the land you were intending to purchase. This being the case, Mr. Coleman is not in position to deliver the land and convey the same as originally contemplated and, therefore, the contract of sale is terminated."

The court concluded that the contract did not comply with Art. 6573a, sec. 22, Vernon's Ann.Civ.St.; that it would not support a recovery because it did not show upon what sum the five per cent commission was to be computed; that no commission accrued because the sale was not consummated on the terms set out in the sales contract; that appellee had the right to refuse to pay a commission because of the requirement that either a survey be made or the acreage be computed and the price reduced $47.50 for each acre of deficiency; and that since appellant solicited the privilege of selling the land and knew of its homestead character and knew that appellee's wife did not want to sell, appellant assumed the risk of whether Mrs. Coleman would agree to sell.

By points of error, appellant challenges such holdings, and insists that the judgment be reversed and rendered. We have concluded that appellant's points must be sustained.

▮ The rule seems to be that where it is not provided otherwise by contract, the commission of a broker is to be computed on the gross sale price of the property; and the amount of an existing encumbrance will be regarded as part of the consideration in estimating the commission, unless it be excluded under the terms of the contract. Pryor v. Scott, Tex.Civ.App., 200 S.W. 909; Nail v. Boothe, Tex.Civ.App., 265 S.W. 1051; Shook v. Parton, Tex.Civ.App., 211 S.W.2d 368; 12 C.J.S., Brokers, § 79, p. 172; Noble v. Mead-Morrison Mfg. Co., 237 Mass. 5, 129 N.E. 669. If the contract is that the broker effect an exchange of lands for a commission of a certain per cent, in the absence of a stipulation to the contrary the value of the tract taken in exchange is the basis for computing the commission. Davidson v. Wills, Tex.Civ. App., 96 S.W. 634; Leake v. Scaief, Tex. Civ.App., 140 S.W. 814.

▮ We think it is settled in this state that when a broker acts in good faith and the seller accepts his customer and enters into an enforceable contract with him, the customer's readiness, ability and willingness to buy cannot be questioned. Frances v. Foster, 113 Tex. 521, 260 S.W. 1023; Jones v. Parker, Tex.Civ.App., 26 S.W.2d 742; Adams v. Brown, Tex.Civ.App., 25 S.W.2d 879; Wolfman & Katz v. Callahan, Tex. Civ.App., 204 S.W. 777; Seidel v. Walker, Tex.Civ.App., 173 S.W. 1170, writ dismissed, and cases there cited; J. B. Watkins Land-Mortgage Co. v. Thetford, 43 Tex.Civ.App. 536, 96 S.W. 72; 7 Tex.Jur., p. 465, sec. 69.

The right to a commission is not defeated when the sale is not consummated because of defects in the principal's title. Albritton v. First Nat. Bank of Mexia, 38 Tex.Civ.App. 614, 86 S.W. 646; Brackenridge v. Claridge, 91 Tex. 527, 44 S.W. 819, 43 L.R.A. 593; Conklin v. Krakauer, 70 Tex. 735, 11 S.W. 117; Vickrey v. Lefmann, Tex.Civ.App., 270 S.W. 880; Hamburger & Dreyling v. Thomas, 103 Tex. 280, 126 S.W. 561; E. R. & D. C. Kolp v. Brazer, Tex.Civ.App., 161 S.W. 899, writ refused; Parker v. Walker, 86 Tenn. 566, 8 S.W. 391; 12 C.J.S., Brokers, § 95, p. 226. Nor will the refusal of the principal's wife to execute a conveyance affect the broker's right to a commission, even though he knew that her joinder was necessary to make a valid conveyance. Clark v. Ray, Tex.Civ.App., 25 S.W.2d 656; Cotten v. Willingham, Tex.Civ.App., 232 S.W. 572; Brigham v. Cason, Tex.Civ. App., 233 S.W. 530; Ryan v. Long, Tex. Civ.App., 183 S.W.2d 473; Scarborough v. Payne, Tex.Civ.App., 198 S.W.2d 917, writ refused; 12 C.J.S., Brokers, § 95, p. 224. If appellee desired to make his liability for the commission conditioned on the acquiescence of his wife, he should have put that condition in his contract with appellant. Carson v. Brown, Tex.Civ.App., 229 S.W. 673. Where a husband agrees to pay a commission for the sale of his wife's separate real property, he is liable therefor although she refuses to execute the conveyance. Scarborough v. Payne, supra; Speer's Marital Rights in Texas, Third Edition, p. 245, sec. 182; Williams v. Doan, Tex.Civ.App., 209 S.W. 761.

Nor do we think that appellant can be denied his commission by reason of the fact that it was to be paid only when the transaction is completed. Although in such cases the broker cannot recover in the absence of such consummation without showing that the failure to complete the sale was due to the owner's fault (Heath v. Huffhines, Tex.Civ.App., 152 S.W. 176), where, as in the instant case, the broker procures a purchaser with whom the owner enters into a binding contract, and failure to consummate the transaction is not due to the fault of the broker or the buyer, it is no defense to the broker's suit for a commission that the contract stipulates that a commission is not to be paid until the sale is completed. Rabinowitz v. North Texas Realty Co., Tex.Civ.App., 270 S.W. 579, writ dismissed; Heath v. Huffhines, supra; Kahlich v. Watson, Tex.Civ.App., 96 S.W. 2d 820; Lattimore v. George J. Mellina & Co., Tex.Civ.App., 195 S.W.2d 250; Fawver v. Fullingim, Tex.Civ.App., 149 S.W. 746; Smye v. Groesbeck, Tex.Civ.App., 73 S.W. 972; West Realty & Investment Co. v. Hite, Tex.Com.App., 283 S.W. 481; Kittrell v. Barbee, Tex.Civ.App., 198 S.W.2d 155; Caneer v. Martin, Tex.Civ.App., 238 S.W.2d 828; Witherspoon v. Wall, Tex. Civ.App., 33 S.W.2d 805; Levy v. Duncan Realty Co., Tex.Civ.App., 178 S.W. 984; Jackson v. Biggerstaff & Perkins, Tex.Civ. App., 168 S.W. 42. While it is not necessary for us to determine the point, there is authority for the proposition that a clause to the effect that the commission is payable when the transaction is completed merely fixes the time for its payment, and does not create a condition precedent to liability. Lippincott v. Content, 123 N.J.L. 277, 8 A.2d 362, cited in Lattimore v. George J. Mellina & Co., supra. See also Sanderson v. Wellsford, 53 Tex.Civ.App. 637, 116 S.W. 382.

The failure of the sale to be completed was not the fault of appellant. And Mrs. Littleton was not in default by requiring evidence of title free from doubt, since she did not agree to take the title at her own risk. Burt v. Benson, Tex.Com.App., 48 S.W.2d 604; Cooper v. Singleton, 19 Tex. 260; 70 Am.Dec. 333; Demaret v. Bennett, 29 Tex. 262.

Finally, we believe that the memorandum relating to the commission contract sufficiently complies with Art. 6573a, sec. 22, V.A.T.S., which provides that, "No action shall be brought * * * for the recovery of any commission for the sale * * * of real estate unless the

promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith * *." Memorandums not very dissimilar were held to be sufficient in Jones v. Smith, Tex. Civ.App., 231 S.W.2d 1003; Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776, writ dismissed, and Shook v. Parton, Tex. Civ.App., 211 S.W.2d 368. See also Kittrell v. Barbee, Tex.Civ.App., 198 S.W.2d 155; Spires v. Mann, Tex.Civ.App., 173 S.W.2d 200, writ refused; Peacock v. Harrison, Tex.Civ.App., 189 S.W.2d 500; Stone v. Bradshaw, 64 Idaho 152, 128 P.2d 844; 9 A.L.R.2d pp. 763–767. The provisions of Art. 6573a, sec. 22, are similar to those of Art. 3995, and the decisions construing that article have controlling effect in construing the wording of the presently considered article. Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203; Volkmann v. Wortham, supra. A cause of action for a commission was not created by the statute, but it existed at common law. Lobstein v. Watson, Tex.Civ.App., 186 S.W.2d 999. And by simply providing that the " * * * promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing * * *," the statute does not prescribe the essential elements of the cause of action. Volkmann v. Wortham, supra. The promise to pay a commission of five per cent for procuring a buyer for a definitely described tract of land at a price of $96,092.50, being in writing and signed by the party to be charged, is explicit enough to be enforceable under Art. 6573a, sec. 22. Moreover, in such cases arising under the statute, it is the oral contract and not the memorandum that is sought to be enforced. Simpson v. Green, Tex.Com.App., 231 S.W. 375; Leverett v. Leverett, Tex.Civ.App., 59 S.W.2d 252, writ refused.

The judgment denying appellant recovery is reversed and judgment is here rendered for appellant for $4,804.62, with interest at six per cent per annum from April 18, 1953, the date of the judgment in the trial court.