Alice **HERRINGTON** et vir, Appellants,

v.

Alice **PELKEY** et vir, Appellees.

No. 6856.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 1, 1968.

Rehearing Overruled Feb. 28, 1968.

Musslewhite & Musslewhite, Lufkin, for appellant.

Jack Dies, Lufkin, for appellee.

STEPHENSON, Justice.

This is an action upon a written contract to recover a commission for the sale of real estate. Trial was before the court and judgment rendered that plaintiffs, Herringtons, recover nothing from defendants, Pelkeys. The parties will be referred to here as they were in the trial court.

The contract in question was signed by Alice Herrington as the real estate broker and Alice Pelkey as owner. At the time of execution of this contract, each of these parties was married, and each had had her disabilities of coverture removed. The undisputed evidence shows the real estate involved was the community homestead of defendants. The evidence also shows Alice Herrington found a purchaser for the real estate and the sale was completed within the time specified in the contract. This

sale included a second piece of property, but it was agreed that the real estate in question was sold for $27,000.00. The contract here sued upon showed the list price to be $28,000.00.

This contract also provides for payment of a 5% commission, however, both Alice Herrington and Alice Pelkey testified they had agreed orally that the commission would be $800.00. Each had a different version as to why this oral agreement was made. Alice Herrington testified that Alice Pelkey told her she was a licensed real estate broker, so they agreed on a reduced commission. Alice Pelkey testified that even though she formerly had such a license, she did not at the date of making this contract, and that she may have told Alice Herrington that she was in the real estate business but did not tell her she had a license. Alice Pelkey testified that the commission was reduced at the time the contract was signed because she told Alice Herrington she was losing money at the price listed. Alice Pelkey also testified that during the negotiations with the purchaser of the land, when the price of such land was reduced from $28,000.00 to $27,000.00, that she and Alice Herrington agreed that the commission would be $200.00, which she offered to pay. No findings of fact or conclusions of law were requested or made by the trial court, and none were included in the judgment.

One of the defenses pled and supported by the evidence was that the real estate involved was the community homestead of defendants and the contract sued upon was not signed by the husband, Louis Pelkey. Plaintiffs contend first that this contract is binding upon the parties because it was executed and not executory. It is argued that even though at the outset the contract may not have been subject to specific performance, once it was fully executed by Alice Herrington procuring a purchaser and the sale of the property being consummated, that the contract became binding upon Louis Pelkey and his wife, Alice Pelkey. We do not find any of the

cases cited by plaintiffs as supporting this proposition of law. The case of Mason v. Abel, Tex.Civ.App., 215 S.W.2d 377 contains a statement that an optional defense available to the owner as against the purchaser is not an available defense to a suit by the broker against the owner. The defense available in the instant case, that the commission contract sued upon is not binding because it was executed by a married woman alone, is one existing between the broker and the owner. The case Scarborough v. Payne, Tex.Civ.App., 198 S.W.2d 917 merely holds that under Article 4614 Vernon's Ann.Civ.St. a married woman was given sole management, control and disposition of her separate property and could make a valid enforceable contract to pay a commission to a broker to find a purchaser for her separate property. The case of Williams v. Doan, Tex.Civ.App., 209 S.W. 761 involved the same factual situation and holding. The case of Leyva v. Rodriguez, Tex.Civ.App., 195 S.W.2d 704 was one in which a husband signed a deed conveying a community homestead, although his name was not mentioned as a grantor, only his wife being named, and the conveyance was held to be valid. No broker's contract was involved in the case, and the husband was not held to be bound by a contract executed solely by his wife. In Ryan v. Long, Tex. Civ.App., 183 S.W.2d 473, the husband signed the broker's contract to sell the community homestead and was not joined by the wife. The husband was held to be liable upon the contract, even though, as the court stated, a contract of a married man to sell the homestead could not be enforced by specific performance. In Peters v. Coleman, Tex.Civ.App., 263 S.W.2d 639, a husband was held liable upon a broker's contract to sell his wife's separate property. This does not mean to us that the converse is true. At the time the contract sued upon was made, under the law of this state the husband was vested with the sole and exclusive right to manage the community estate, and Alice Pelkey had no authority under the law to execute a broker's contract for the sale of the community homestead.

The implied finding by the trial court that such contract was not binding upon the defendants, is upheld.

■ It is next contended by plaintiffs that defendants are liable under the broker's contract by estoppel and ratification. The evidence shows Louis Pelkey was present when Alice Herrington and the purchasers of the land arrived at the Pelkey home on the first occasion, but that he left immediately. Louis Pelkey was not called to testify, and the only knowledge that he may have had about the transaction came from his wife. Alice Pelkey testified: that her husband did not know that she had originally signed a listing contract; that he knew Alice Herrington was helping her to sell the property; that he knew she was due $200.00 when they closed out the transaction. There is no evidence that Alice Pelkey represented to Alice Herrington that she was not married, or that the property was not a homestead, or that the property was her separate property. The evidence shows Alice Herrington knew Alice Pelkey was married, and also knew the husband did not sign the broker's contract. The implied finding by the court that neither Alice Pelkey nor Louis Pelkey was guilty of any positive act of fraud or concealment which would have been the basis for estoppel, is supported by the evidence.

■ It is also contended that the broker's contract is enforceable because Alice Pelkey had had her disabilities of coverture removed. Article 4626 V.A.C.S., as it existed at all times material to this cause of action, provided for the filing of a petition in the district court, a hearing and authority for an order to be entered declaring a married woman to be a feme sole for mercantile and trading purposes, and continued as follows:

and thereafter she may, in her own name, contract and be contracted with, sue and be sued, and all of her separate property not exempt from execution under the laws of Texas shall thereafter be subject to her debts and liable under execution therefor, and her contracts and obligations shall be binding on her.

No Texas cases are cited to this court by either party, passing upon this precise question. We have concluded that it was not the intention of the legislature, when this law was enacted, to take from the husband his sole and exclusive right to manage the community estate. We hold that the fact Alice Pelkey had her disabilities of coverture removed did not give her the authority under the law to enter into a binding broker's contract to sell the community homestead.

■ Under the evidence already discussed, the implied finding by the trial court that Alice Pelkey was not either expressly nor impliedly authorized by Louis Pelkey to act as his agent in executing a broker's contract with Alice Herrington, is upheld. The point is overruled.

■ The plaintiffs were not entitled under the law to recover either $800.00 or $200.00 as a commission for the sale of the property involved. The written agreement being unenforceable, plaintiffs are also precluded from recovering under an oral agreement. Under Article 6573a V.A.C.S. this broker's contract was required to be in writing and signed by the party to be charged therewith or by some person authorized by him. This contract being required to be in writing, none of its essential elements could be supplied by parol. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

Affirmed.